IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY** ) | |
| **AND ETHICS IN WASHINGTON,** ) | |
| 1101 K Street, N.W., Suite 201 ) | |
| Washington, D.C.  20005 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE,** ) | |
| 950 Pennsylvania Ave., N.W. ) | |
| Washington, D.C.  20530 ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive,

declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in

Washington ("CREW") challenges the refusal of the U.S. Department of Justice ("DOJ") to

expedite CREW's Freedom of Information Act ("FOIA") requests of the Executive Office for

United States Attorneys ("EOUSA") and the Office of Information Policy ("OIP") for records

related to the now-closed investigation conducted by the U.S. Attorney's Office for the Southern

District of New York into campaign finance violations by former Trump attorney Michael Cohen

and others, and whether certain individuals made false statements, gave false testimony, or

otherwise obstructed justice in connection with that investigation.

2.      This case seeks declaratory relief that DOJ is in violation of the FOIA, 5 U.S.C. §

552(a)(6)(E)(i), and DOJ's regulations, 28 C.F.R. § 16.5(e), for refusing to grant CREW's

expedited request for records and for injunctive relief ordering defendant DOJ to process and release to CREW immediately the requested records in their entirety.

## Jurisdiction and Venue

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4.      Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5.      Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant and its components EOUSA and OIP have possession and control of the requested records and are responsible for fulfilling plaintiff's FOIA request.

## Statutory and Regulatory Background

6.      The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7.      An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8.      The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i). The FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* at § 552(a)(6)(E)(v)(II).

9.      DOJ's FOIA regulations provide for expedition for, among other things, "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). Requesters seeking expedition under this subsection must submit their expedition request to DOJ's Director of Public Affairs. 28 C.F.R. § 16.5(e)(2).

10.     Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). DOJ regulations mirror this requirement. 28 C.F.R. § 16.5(e)(4).

11.     An agency's failure to respond within 10 calendar days to a request for expedition is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(E)(iii).

12.     Agency decisions to deny or affirm denial of a request for expedition are subject
to judicial review "based on the record before the agency at the time of the determination." 5
U.S.C. § 552(a)(6)(E)(iii).

### Factual Background

13.     On July 17, 2019, United States District Court Judge William H. Pauley III
entered a memorandum and order in *United States v. Cohen*, Crim. No. 18-cr-602 (S.D.N.Y.),
ordering the government to file on the public record certain materials pertaining to searches
conducted of Michael Cohen's residence, hotel room, office, safe deposit box, cell phones, and
electronic communications,  which had been filed under seal up to that point.

14.     The court's order noted that the government had represented that it had concluded
those parts of its investigation that initially justified sealing the materials at issue. The
government made those representations in a letter to the court dated July 15, 2019, and filed on
the public record in which it stated that it had "effectively concluded its investigations of (1)
who, besides Michael Cohen, was involved in and may be criminally liable for the two campaign
finance violations to which Cohen pled guilty . . . and (2) whether certain individuals . . . made
false statements, gave false testimony or otherwise obstructed justice in connection with this
investigation[.]"

15.     In ordering the unsealing of the materials, Judge Pauley explained that the
campaign finance violations to which the materials relate "are a matter of national importance."
He further stated: "Now that the Government's investigation into those violations has concluded,
it is time that every American has an opportunity to scrutinize the Materials. Indeed, the common
law right of access – a right so enshrined in our identity that it 'predate[s] even the Constitution

4

itself' – derives from the public's right to 'learn of, monitor, and respond to the actions of their representatives and representative institutions.'" (citation omitted).

16.     News media quickly picked up on the fact that the government had concluded its investigation into hush money payments made to then-candidate Donald Trump during the 2016 presidential campaign. *See, e.g.*, Darren Samuelsohn, <u>Feds' probe into Trump hush money payments is over, judge says</u>, *Politico*, July 17, 2019, *available at* <u>https://www.politico.com/story/2019/07/17/trump-hush-money-payments-probe-over-1418074</u>; Matt Zapotosky, <u>Prosecutors have 'concluded' Michael Cohen campaign finance probe, judge says</u>, *Washington Post*, July 17, 2019, *available at* <u>https://www.washingtonpost.com/national-security/prosecutors-have-concluded-michael-cohen-campaign-finance-probe-judge-says/2019/07/17/733391a0-a8b1-11e9-9214-246e594de5d5_story.html?utm_term=.b98c0 8e921e1</u>; Kristine Phillips and Kevin Johnson, <u>Justice Department ends inquiry of hush-money payments in final months of Donald Trump's campaign, judge says</u>, *USA Today*, July 17, 2019, *available at* <u>https://www.usatoday.com/story/news/politics/2019/07/17/doj-ends-investigation-hush-payments-involving-donald-trump-michael-cohen/1755046001/</u>. Jay Sekulow, counsel to President Trump, was quoted as saying: "We are pleased that the investigation surrounding these ridiculous campaign finance allegations is now closed." Zapotosky, *Washington Post*, July 17, 2019.

17.     On July 19, 2019, Elijah E. Cummings, Chairman of the House Committee on Oversight and Reform, sent a letter to the Deputy United States Attorney for the Southern District of New York seeking documents needed for the Committee's investigation of "hush money" payments President Trump made, through his personal attorney Michael Cohen, to silence women alleging affairs with then-candidate Trump during the 2016 presidential

campaign and the President's failure to report these payments and liabilities and statutorily

mandated financial disclosure forms. Chairman Cummings explained:

> The Committee is seeking to determine whether the internal Department of
> Justice policy against indicting a sitting President – the same policy that prevented
> Special Counsel Robert Mueller from bringing an indictment against President
> Trump for obstruction of justice in the Russian election interference investigation
> – played any role in your office's decision not to indict President Trump for these
> hush money crimes. If prosecutors identified evidence of criminal conduct by
> Donald Trump while serving as President – and did not bring charges as they
> would have for any other individual – this would be the second time the President
> has not been held accountable for his actions due to this position. The Office of
> the President   should not be used as a shield for criminal conduct.

### *EOUSA FOIA*

18.     On July 18, 2019, CREW sent a FOIA request by facsimile to DOJ's EOUSA

requesting all records related to the now closed investigation conducted by the U.S. Attorney's

Office for the Southern District of New York into (1) who, besides Michael Cohen, was involved

in and may be criminally liable for the two campaign finance violations to which Mr. Cohen pled

guilty, and (2) whether certain individuals made false statements, gave false testimony, or

otherwise obstructed justice in connection with this investigation. CREW explained that its

request includes, but is not limited to, witness statements, investigative reports, prosecution

memoranda, and FBI 302s.

19.     CREW sought a waiver of fees associated with processing its request. CREW

explained that like the records Judge Pauley had ordered be unsealed, the requested records

likely would shed light on the extent, if any, that President Donald Trump or any of his

businesses or associates has violated campaign finance laws and, if so, why the government has

closed its investigation without prosecuting these crimes, with the exception of Michael Cohen.

CREW further explained that the American people deserve to know whether their president – the

most powerful and visible official of our country – and his business associates have complied fully with the laws of our land and, if they have not, why DOJ declined to prosecute them.

20.      CREW also sought expedition of its request from DOJ's Office of Public Affairs because the request's subject matter is of widespread and exceptional media interest and the requested information involves possible questions of the government's integrity that affect public confidence. As CREW explained, following the issuance of the July 17, 2019 order from Judge Pauley, there was widespread media coverage about the conclusion of the campaign finance investigation. Moreover, as a *Politico* story noted, "Trump himself was implicated in Cohen's crimes, which involved hush money payments to women that federal prosecutors have said were designed to sway the presidential election." Samuelsohn, *Politico*, July 17, 2019. This is the very definition of a matter raising serious questions about the government's integrity – including the integrity of the President – that clearly affect public confidence in both President Trump and the Justice Department, which closed the investigation without any further prosecutions beyond Michael Cohen.

21.      In justifying its expedition request, CREW also relied on Judge Pauley's explicit recognition of the enormous public interest in these materials and what is at stake as set forth in his order of July 17, 2019, mandating disclosure of sealed documents pertaining to Michael Cohen. Judge Pauley explicitly recognized that the documents he ordered unsealed – which come from the very investigative file whose contents CREW seeks – "are a matter of national importance" and therefore "every American [should have] an opportunity to scrutinize the Materials" as part of "the common law right of access[.]" Expediting CREW's requests will ensure those rights are fully realized by the American public.

22.     By email dated July letter dated July 25, 2019, EOUSA advised CREW that its

expedited processing request had been denied. The sole reason EOUSA gave was that CREW's

request "[d]oes not meet standard."

23.     To date, CREW has received no further response from EOUSA.

### *OIP FOIA*

24.     On July 18, 2019, CREW sent a FOIA request by facsimile to DOJ's OIP

requesting all records related to the now closed investigation conducted by the U.S. Attorney's

Office for the Southern District of New York into (1) who, besides Michael Cohen, was involved

in and may be criminally liable for the two campaign finance violations to which Mr. Cohen pled

guilty, and (2) whether certain individuals made false statements, gave false testimony, or

otherwise obstructed justice in connection with this investigation. CREW explained that its

request includes, but is not limited to, records sent or received by then-Deputy Attorney General

Rod Rosenstein or Attorney General William Barr concerning any aspect of this investigation.

25.     CREW sought a waiver of fees associated with processing its request. CREW

explained that like the records Judge Pauley had ordered be unsealed, the requested records

likely would shed light on the extent, if any, that President Donald Trump or any of his

businesses or associates has violated campaign finance laws and, if so, why the government has

closed its investigation without prosecuting these crimes, with the exception of Michael Cohen.

CREW further explained that the American people deserve to know whether their president – the

most powerful and visible official of our country – and his business associates have complied

fully with the laws of our land and, if they have not, why DOJ declined to prosecute them.

26.     CREW also sought expedition of its request from DOJ's Office of Public Affairs

based on the same rationale it offered for expediting its EOUSA FOIA Request.

27.     By letter dated July 26, 2019, OIP advised CREW that the Director of Public Affairs had denied CREW's request for expedition. OIP provided no explanation for the denial, noting only: "[t]he Director has determined that your request for expedited processing should be denied."

28.     In its July 26, 2019 letter OIP also advised CREW it could administratively appeal DOJ's denial of its request for expedited processing. As the FOIA and cases interpreting that statute make clear, however, CREW is not required to exhaust administrative remedies before seeking judicial review of any denial of expedition.

## PLAINTIFF'S CLAIM FOR RELIEF

### Failure to Grant Expedition

29.     Plaintiff repeats and re-alleges paragraphs 1-28 set forth above.

30.     Plaintiff properly asked that DOJ expedite the processing of plaintiff's FOIA requests of EOUSA and OIP, which seek agency records within the custody and control of DOJ, based on its showing of widespread and exceptional media interest in the requested information, which involves possible questions of the government's integrity that affect public confidence.

31.     Defendant DOJ refused CREW's requests for expedition, contrary to the factual and legal showing CREW made demonstrating its entitlement to expedition.

32.     Plaintiff is not required to exhaust administrative remedies with respect to defendant's refusal to grant plaintiff's requests for expedition.

33.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate and expedited processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1)     Order defendant Department of Justice to immediately and fully process

plaintiff's July 18 expedited FOIA requests of EOUSA and OIP and disclose all non-exempt

documents immediately to plaintiff;

(2)     Issue a declaration that plaintiff is entitled to immediate processing and disclosure

of the requested records;

(3)     Provide for expeditious proceedings in this action;

(4)     Retain jurisdiction of this action to ensure no agency records are wrongfully

withheld;

(5)     Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6)     Grant such other relief as the Court may deem just and proper.

<div style="margin-left:40%">

Respectfully submitted,

_____
Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
    in Washington
1101 K Street, N.W., Suite 201
Washington, D.C.  20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020
aweismann@citizensforethics.org

</div>

Dated: July 30, 2019                    *Attorneys for Plaintiff*