# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

      Plaintiff,

           v.

U.S DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 1:19-cv-02267-EGS

## DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

(1)    I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), Federal Bureau of Investigation ("FBI"), Winchester, Virginia. I joined the FBI in September 2011, and prior to my current position, I was the Assistant Section Chief of RIDS from June 2016 to July 2020; Unit Chief, RIDS Litigation Support Unit from November 2012 to June 2016; and an Assistant General Counsel, FBI Office of the General Counsel, Freedom of Information Act ("FOIA") Litigation Unit, from September 2011 to November 2012. In those capacities, I had management oversight or agency counsel responsibility for FBI FOIA and Privacy Act ("FOIPA") litigation cases nationwide. Prior to my joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration ("DEA") from September 2006 to September 2011, where among myriad legal responsibilities, I advised on FOIPA matters and served as agency counsel representing the DEA in FOIPA suits nationwide. I also served as a U.S. Army Judge Advocate General's Corps

1

Officer in various assignments from 1994 to September 2006 culminating in my assignment as Chief, General Litigation Branch, U.S. Army Litigation Division where I oversaw FOIPA litigation for the U.S. Army. I am an attorney registered in the State of Ohio and the District of Columbia.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 244 FBI employees, supported by approximately 89 contractors, who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. §552a. Specifically, I am aware of the FBI's handling of Plaintiff's FOIA request for records related to the investigation conducted by the U.S Attorney's Office for the Southern District of New York into (1) who, besides Michael Cohen, was involved in and may be criminally liable for the two campaign finance violations to which Mr. Cohen pled guilty, and (2) whether certain individuals made false statements, gave false testimony, or otherwise obstructed justice in connection with

the investigation. Additionally, I am also familiar with the FBI's coordination and consultation

with the Department of Justice's ("DOJ's") Executive Office of the United States Attorneys

("EOUSA") and the U.S Attorney's Office for the Southern District of New York ("SDNY")

concerning the handling of these records.

(4)    In response to Plaintiff's request, the FBI processed an overall total of 1,924

pages of responsive records subject to the FOIA. The FBI processed 1,354 pages of records

located in response to the search.[1]  In addition, FBI provided to Plaintiff 218 pages previously

processed for other FOIA litigations. The FBI also reviewed 293 pages of records that were

referred to FBI by SDNY/EOUSA and 59 pages referred from DOJ/OIP.[2]  All 1,924 pages were

withheld in full because the pages were found to be duplicative of pages accounted for elsewhere

in the FBI's production and/or the pages were referred to or directly handled by EOUSA/SDNY

for release to Plaintiff. In accordance with *Vaughn v. Rosen*, 424 F.2d 820 (D.C. Cir. 1973), this

declaration is submitted in support of Defendant's motion for summary judgment, and provides

the Court with a summary of the administrative history of Plaintiff's request; the procedures used

to search for, review, and process responsive records; and the FBI's justification for withholding

information in part or in full pursuant to FOIA Exemptions 6, 7(C), and 7(E), 5 U.S.C. §§ 552

(b)(6), (b)(7)(C) and (b)(7)(E).

---

[1] Plaintiff is not challenging FBI's search.  (ECF. No. 21)

[2] FBI assigned the 293 pages of records SDNY referred to FBI as Bates FBI(19-cv-2267)-1355
through  FBI(19-cv-2267)-1647 and addressed the 59 pages of records OIP referred to FBI as
Bates FBI(19-cv-2267)-1648 through  FBI(19-cv-2267)-1706.

**ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUEST**
**FBI REQUEST NUMBER 1443149**

(5)    By facsimile ("fax") dated July 18, 2019, Plaintiff submitted a FOIA request to

the FBI seeking any and all records pertaining to "[t]he now closed investigation conducted by

the U.S Attorney's Office for the Southern District of New York into (1) who, besides Michael

Cohen, was involved in and may be criminally liable for the two campaign finance violations to

which Mr. Cohen pled guilty; and (2) whether certain individuals made false statements, gave

false testimony, or otherwise obstructed justice in connection with this investigation."

Additionally, Plaintiff requested a waiver of all fees associated with the processing of its request.

To justify Plaintiff's fee waiver request, Plaintiff stated "CREW qualifies as a member of the

news media". Plaintiff also requested that their request be granted expedited processing pursuant

to 5 U.S.C. § 522(a)(6)(E)(i)(II). To justify Plaintiff's request for expedited processing, Plaintiff

stated "subject matter is of widespread and exceptional media interest and the requested

information involves possible questions about the government's integrity that affect public

confidence". **(Ex. 1.)**

(6)    By letter dated July 31, 2019, the FBI acknowledged receipt of Plaintiff's FOIA

request, and notified Plaintiff it had assigned it Request Number 14433149-000. The FBI also

informed Plaintiff of the following: Plaintiff's fee waiver was under consideration, and Plaintiff

would be advised of the decision at a later date, and if Plaintiff's fee waiver was not granted,

Plaintiff would be responsible for applicable fees; and for the purpose of assessing fees, the FBI

determined as an education institution, noncommercial scientific institution or representative of

the news media requester, Plaintiff would be charged applicable duplication fees. Additionally,

the FBI informed the Plaintiff it could check the status of its request and/or contact the FBI with

any questions at www.fbi.gov/foia. Furthermore, Plaintiff could appeal the FBI's response to the

4

DOJ Office of Information Policy ("OIP") within ninety (90) days of its letter, contact the FBI's

FOIA public liaison, and/or seek dispute resolution services by contacting the Office of

Government Information Services ("OGIS"). **(Ex. 2.)**

(7)    By letter dated August 1, 2019, the FBI notified Plaintiff its request for expedited

processing had been granted based on 28 C.F.R §16.5(e)(1)(iii). Additionally, the FBI informed

Plaintiff it could contact the FBI with any questions at www.fbi.gov.foia. Furthermore, Plaintiff

could appeal the FBI's response to DOJ/OIP within ninety (90) days of its letter, contact the

FBI's FOIA public liaison, and/or seek dispute resolution services by contacting OGIS. **(Ex. 3.)**

(8)    On April 21, 2020, the FBI received 59 pages of responsive records from

DOJ/OIP for processing and direct response to the Plaintiff. The FBI reviewed its equities and

consulted with EOUSA/SDNY concerning their equities. After completion of the consultation,

the FBI processed the records and by letter dated June 22, 2020, Plaintiff was advised all 59

pages were being withheld in full pursuant to Exemption 3 and Federal Rule of Criminal

Procedure 6(e), as well as a Federal Court Sealing Order. **(Ex. 4.)**

(9)    Plaintiff filed the instant Complaint on July 30, 2019. **(ECF No. 1.)**

(10)    The FBI located 1,354 pages of responsive records as a result of its search,

processed the records, and determined the records contained EOUSA/SDNY equities requiring

referral to the Executive Office for the United States Attorney's Office and the Southern District

of New York for further processing and direct response to Plaintiff.

(11)    On December 18, 2020, the FBI received an additional 293 pages from

EOUSA/SDNY for consultation. The FBI reviewed these pages for applicable redactions. FBI

returned its recommendations to EOUSA/SDNY for further processing and release directly to

Plaintiff.

(12)    After completion of processing of the above records, and as a result of negotiations between the Parties, Plaintiff narrowed its challenges to information withheld pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(A) and (b)(7)(C).[3] (ECF No. 21.) Subsequently, Plaintiff inquired about the application of FOIA Exemption 7(E)-2 on page FBI(19-cv-2267)-1227.[4] From the 1,924 pages reviewed, the FBI withheld information pursuant to FOIA Exemptions 6, 7(C), 5 U.S.C. §§ 552 (b)(6), (b)(7)(C) on 1333 of these pages.[5] Accordingly, this declaration will address only the pages containing the exemptions currently at issue in this litigation, and also discusses the 7(E)-2 assertion noted above.

## JUSTIFICATION FOR NONDISCLOSURE UNDER THE FOIA

(13)    The FBI processed all documents responsive to Plaintiff's request to achieve maximum disclosure consistent with the access provisions of the FOIA. Every effort was made to provide Plaintiff with all reasonably segregable, non-exempt information. The FBI did not withhold any reasonably segregable, nonexempt portions from Plaintiff. Further description of the information withheld, beyond what is provided in this declaration, could identify the actual exempt information protected by the FBI. The FBI numbered all pages of its production consecutively as "FBI(19cv2267)-1 through FBI(19cv2267)-1354". The FBI also provided

---

[3] FBI did not assert FOIA Exemption (b)(5) and is no longer asserting (b)(7)(A); however, the same information previously withheld pursuant to (b)(7)(A) continues to be withheld pursuant to (b)(7)(E).

[4] Since the challenge is singular in nature to a specific page, it is not represented on FBI's Indexes. **(Ex. 6.)**

[5] The FBI determined FOIA Exemptions 6 and 7(C) applied to 1115 Pages from pages Bates FBI(19-cv-2267), 206 pages from pages Bates stamped with the prefix FBI(19-cv-8215) and accounted for on the FBI's indexes. In addition, the FBI applied FOIA Exemptions 6 and 7(C) applied to 12 pages Bates stamped with the prefix FBI(19-cv-1278) which was released and accounted for in 19-cv-8215. **(Ex. 5.)**

6

Plaintiff with responsive material previously processed in response to two other FOIA requests. Those pages are Bates numbered as follows: FBI(19cv1278)-1924 through FBI(19cv1278)-1934, and FBI(19cv8215)-1 through FBI(19cv8215)-206. On the pages released in full or in part, these numbers are typically located at the bottom of each page. Additionally, the FBI is including two indexes at **Exhibit E** to explain where within its productions of responsive records it withheld information pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) and its reasoning for doing so.[6]

(14)     Additionally, on the Bates-numbered documents provided to Plaintiff, and on pages withheld in full and accounted for in the FBI's indexes, the FBI further categorized its application of Exemptions (b)(6) and (b)(7)(C) to better explain the nature of the information withheld pursuant to the provisions of the FOIA. Specifically, the FBI applied numerical codes that coincide with various categories of exempt information. These coded categories are provided to aid the Court's and Plaintiff's review of the FBI's explanations of the FOIA Exemptions it has asserted to withhold the material. The coded, Bates-numbered pages together with this declaration demonstrate that all material withheld by the FBI is exempt from disclosure pursuant to the cited FOIA exemptions or is so intertwined with protected material segregation is not possible without revealing the underlying protected material.

(15)     Each instance of information withheld pursuant to a FOIA exemption is accompanied by a coded designation that corresponds to the categories listed below. For example, if "(b)(7)(C)-1" appears on a document, the "(b)(7)(C)" designation refers to FOIA

---

[6] The first index covers Bates numbered pages FBI(19cv2267)-1 - FBI(19cv2267)-1647 containing FBI withholdings pursuant to FOIA Exemption (b)(6) and (b)(7)(C). The second index covers pages previously processed for another requester in FBI(19cv8215) which were also provided to Plaintiff and are dually responsive to Plaintiff's request.

Exemption 7(C) protecting against unwarranted invasions of personal privacy.  The numerical

designation of "1" following the "(b)(7)(C)" narrows the main category into a more specific

subcategory, such as "Names and Identifying Information of FBI Special Agents and

Professional Staff."

(16)    Listed below are the categories used to explain the FOIA exemptions the FBI

asserted to withhold information:[7]

| SUMMARY OF EXEMPTION JUSTIFICATION CATEGORIES ||
| CODED CATEGORIES | INFORMATION WITHHELD |
| Exemptions 6 & 7(C) | Unwarranted/Clearly Unwarranted Invasion of Personal Privacy |
| (b)(6)-1 and (b)(7)(C)-1 | Names and Identifying Information of FBI Special Agents and Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Names and Identifying Information of Third Parties of Investigative Interest |
| (b)(6)-3 and (b)(7)(C)-3 | Names and Identifying Information of Third Parties Merely Mentioned |
| (b)(6)-4 and (b)(7)(C)-4 | Names and Identifying Information of Third Parties who Provided Information |
| (b)(6)-5 and (b)(7)(C)-5 | Names and Identifying Information of Non-FBI Federal Government Personnel |
| (b)(6)-6 and (b)(7)(C)-6 | Names and Identifying Information of Local Law Enforcement Personnel |
| Exemptions 7(E) | Investigative Techniques and Procedures |
| (b)(7)(E)-2 | Collection and Analysis of Information |

**EXEMPTION 7 THRESHHOLD**

(17)    Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it

must first demonstrate that the records or information at issue were compiled for law

enforcement purposes.   Pursuant to 28 USC §§ 533, 534, and Executive Order 12,333 as

implemented by the Attorney General's Guidelines for Domestic FBI Operations (AGG-DOM)

and 28 CFR § 0.85, the FBI is the primary investigative agency of the federal government with

---

[7] Plaintiff is only challenging FBI's application of (b)(6) and (b)(7)(C) throughout the production, and also inquired into one instance of (b)(7)(E)-2 on Bates Stamped FBI(19-cv-2267)-1227.  (ECF. No. 21.)

authority and responsibility to investigate all violations of federal law not exclusively assigned

to another agency, to conduct investigations and activities to protect the United States and its

people from terrorism and threats to national security, and further the foreign intelligence

objectives of the United States. Under this investigative authority, the responsive records herein

were compiled for the following specific law enforcement purpose.

(18)     The records at issue were compiled in furtherance of the FBI's and SDNY's

investigation of Michael Cohen and others for campaign finance violations, including, but not

limited to: Causing an Unlawful Corporate Contribution in violation of Title 52, United States

Code, Sections 30118(a) and 30109(d)(1)(A), and Title 18, United States Code, Section 2(b); and

Excessive Campaign Contribution in violation of Title 52, United States Code, Sections

30116(a)(1)(A), 30109(d)(1)(A), and Title 18, United States Code, Section 2(b), as well as an

investigation of potential criminal violations related to the underlying investigation. *See United

States of America v. Cohen*, 1:18-cr-00602, ECF No. 2 (SDNY). Considering these records were

compiled in furtherance of the FBI's and SDNY's investigation of potential crimes, the FBI

determined they were compiled for law enforcement purposes.

## FOIA EXEMPTIONS (b)(6) AND (b)(7)(C)
## CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND
## UNWARRANTED INVASION OF PERSONAL PRIVACY

(19)     Exemption 6 exempts from disclosure "personnel and medical files and similar

files the disclosure of which would constitute a clearly unwarranted invasion of personal

privacy." 5 U.S.C. § 552(b)(6). All information that applies to a particular person falls within

the scope of Exemption 6.

(20)    Exemption 7(C) similarly exempts from disclosure "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).[8]

(21)    When withholding information pursuant to these two exemptions, the FBI is required to balance the privacy interests of the individuals mentioned in these records against any public interest in disclosure.  In asserting these exemptions, each piece of information was scrutinized to determine the nature and strength of the privacy interest of every individual whose name and/or identifying information appears in the documents at issue.  When withholding the information, the individual's privacy interest was balanced against the public's interest in disclosure.  For purposes of these exemptions, a public interest exists only when information about an individual, their name, or their identifying information would shed light on the FBI's performance of its mission to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners.  In each instance wherein information was withheld pursuant to Exemptions 6 and 7(C), the FBI determined that the individuals' privacy interests outweighed any public interest in disclosure.

---

[8] The practice of the FBI is to assert Exemption 6 in conjunction with Exemption 7(C). Although the balancing test for Exemption 6 uses a "would constitute a clearly unwarranted invasion of personal privacy" standard and the test for Exemption 7(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions is sufficiently similar to warrant a consolidated discussion.  The privacy interests are balanced against the public's interest in disclosure under both exemptions.

(b)(6)-1 and (b)(7)(C)-1: NAMES AND IDENTIFYING INFORMATION OF
FBI SPECIAL AGENTS AND PROFESSIONAL STAFF[9]

(22)     Within Exemption category (b)(6)-1 and (b)(7)(C)-1, the FBI protected the names

and identifying information of FBI Special Agents ("SAs") and professional staff.   These FBI

SAs and professional staff were responsible for conducting, supervising, and/or maintaining the

investigation/investigative activities/administrative activities related to the investigation into

potential campaign finance violations by Michael Cohen and others, as reflected in the

documents responsive to Plaintiff's request.   These responsibilities included, but are not limited

to, the following: coordinating/completing tasks in support of the FBI's investigative and

administrative functions, compiling information, conducting interviews, and/or reporting on the

status of the investigation.

(23)     Assignments of SAs to any particular investigation are not by choice.   Publicity,

adverse or otherwise, arising from a particular investigation, may seriously prejudice their

effectiveness in conducting other investigations or performing their day-to-day work.   The

privacy consideration is also applied to protect FBI SAs, as individuals, from unnecessary,

unofficial questioning as to the conduct of this or other investigation, whether or not they are

currently employed by the FBI.   FBI SAs conduct official inquiries into various criminal and

national security violation cases.   The publicity associated with the release of an SA's identity in

connection with a particular investigation could trigger hostility toward a particular SA.   During

the course of an investigation, an SA may engage with all strata of society, conducting searches

and making arrests, both of which result in reasonable but nonetheless serious disturbances to

people and their lives.   Persons targeted by such investigations/investigative activities, and/or

---

[9] In the records provided to Plaintiff and previously processed in response to 19-cv-8215 and 19-cv-1278, this code is identified as (b)(6)-2 and (b)(7)(C)-2.

those sympathetic to those targeted, could seek to inflict violence on an SA based on their participation in an investigation. This is because an individual targeted by such law enforcement actions may carry a grudge against those involved with the investigation, which may last for years. These individuals may seek revenge on SAs and other federal employees involved in a particular investigation. There is no public interest served by disclosing the SA's identities because their identities would not, themselves, significantly increase the public's understanding of the FBI's operations and activities. Thus, disclosure of this information would constitute a clearly unwarranted invasion of their personal privacy; and the FBI properly withheld the names and identifying information of FBI SAs pursuant to Exemptions 6 and 7(C).

(24)    The FBI also withheld the names and identifying information of FBI professional staff pursuant to Exemptions 6 and 7(C). These FBI professional staff were assigned to handle tasks related to the investigation of Michael Cohen and others potential campaign finance violations. Similar to FBI SAs, these FBI employees could be targeted for reprisal based on their involvement in specific investigations/investigative activities. Furthermore, these FBI professional staff were, and possibly are, in positions of access to information regarding official law enforcement investigations, and therefore could become targets of harassing inquiries for unauthorized access to investigations if their identities were released. Thus, these individuals maintain substantial privacy interests in not having their identities disclosed. In contrast, the FBI concluded that no public interest would be served by disclosing the identities of these FBI professional staff to the general public because their identities would not, themselves, significantly increase the public's understanding of the FBI's operations and activities. Accordingly, after balancing these profession staff employees' substantial privacy interests against the non-existent public interest, the FBI determined disclosure of their identities would

constitute a clearly unwarranted invasion of their personal privacy. Therefore, the FBI properly withheld the names and identifying information of FBI professional staff pursuant to Exemptions 6 and 7(C).

### (b)(6)-2 and (b)(7)(C)-2: NAMES AND IDENTIFYING INFORMATION OF THIRD PARTIES OF INVESTIGATIVE INTEREST[10]

(25)    In Exemption category (b)(6)-2 and (b)(7)(C)-2, the FBI protected the names and identifying information of third parties who were of investigative interest to the FBI. Being identified as a subject of FBI investigative interest carries a strong negative connotation and a stigma, whether or not these individuals ever committed criminal acts. Release of the identities of these individuals to the public could subject them to harassment or embarrassment, as well as undue public attention. Furthermore, it could result in professional and social repercussions, due to resulting negative stigmas. Accordingly, the FBI determined these individuals maintain substantial privacy interests in not having their identities disclosed. In contrast, disclosing personal information about these individuals would not significantly increase the public's understanding of the FBI's performance of its mission and so the FBI concluded that there was no public interest here sufficient to override these individuals' substantial privacy interests. For these reasons, the FBI properly withheld this information pursuant to Exemptions 6 and 7(C).

### (b)(6)-3 and (b)(7)(C)-3: NAMES AND IDENTIFYING INFORMATION OF THIRD PARTIES MERELY MENTIONED[11]

(26)    In Exemption category (b)(6)-3 and (b)(7)(C)-3, the FBI protected the names and identifying information of third parties who were merely mentioned in the investigative records

---

[10] In the records provided to Plaintiff and previously processed in response to 19-cv-8215 and 19-cv-1278, this code is identified as (b)(6)-1 and (b)(7)(C)-1.

[11] In the records provided to Plaintiff and previously processed in response to 19-cv-8215 and 19-cv-1278, this code is identified as (b)(6)-4 and (b)(7)(C)-4.

13

responsive to Plaintiff's request.  The FBI has information about these third parties in its files because these individuals were mentioned in conjunction with FBI investigative efforts, appearing here in the context of information provided during the interview of a third party or contained in investigative matters related to search warrants.  These third parties maintain legitimate privacy interests in not having specific information obtained about them from other third parties during an FBI investigation publicly disclosed.  Disclosure of these third parties' names and/or identifying information as provided by a third party in connection with an FBI investigation may automatically carry a negative connotation, whether the information is found to be of investigative use or not.  Disclosure of their identities or the information provided about them could subject these individuals to possible harassment or criticism and focus derogatory inferences and suspicion on them.  The FBI considered whether there was any public interest that would override these third parties' legitimate privacy interests and concluded that disclosing information about individuals who were merely mentioned by a third party during an investigative interview would not significantly increase the public's understanding of the operations and activities of the FBI itself.  Accordingly, the FBI properly protected these individuals' privacy interests pursuant to FOIA Exemptions 6 and 7(C).

### (b)(6)-4 and (b)(7)(C)-4: NAMES AND IDENTIFYING INFORMATION OF THIRD PARTIES WHO PROVIDED INFORMATION[12]

(27)    In Exemption category (b)(6)-4 and (b)(7)(C)-4, the FBI protected the names and identifying information of individuals who were interviewed, and/or provided information by

---

[12] In the records provided to Plaintiff and previously processed in response to 19-cv-8215 and 19-cv-1278, this code is identified as (b)(6)-5 and (b)(7)(C)-5.

other means, to the FBI or to the AUSAs in the presence of FBI SA's during its investigation into campaign finance violations by Michael Cohen and others.

(28)    The FBI has found information provided by individuals based on their personal knowledge is one of the most productive investigative tools for law enforcement agencies. The largest obstacle to successfully obtaining such information critical to FBI investigations, through an interview or otherwise, is fear by the individuals providing the information their identities will be exposed. Such exposure, in conjunction with their cooperation with law enforcement, could lead to harassment, intimidation by investigative subjects, legal or economic detriment, possible physical harm, or even death. To surmount their fear of reprisal, and the resulting tendency to withhold information, persons who provide such information to the FBI must be assured their names and other identifying information will be held in the strictest confidence. Thus, the FBI has determined these individuals maintain substantial privacy interests in not having their identities or personal information disclosed. Even in those instances where it has been acknowledged that an individual was interviewed, as in the case of Michael Cohen, Keith Davidson, and John Gauger, the FBI withheld non-public details and personal information. In contrast, the FBI could identify no public interest in the disclosure of the information withheld in this category because disclosure of these third parties' names and identifying or other non-public personal information would not shed light on or significantly increase the public's understanding of the operations and activities of the FBI. Furthermore, the continued access by the FBI to persons willing to honestly relate pertinent facts bearing upon a particular investigation far outweighs any benefit the public might derive from disclosure of the names, identifying information and/or other non-public personal information of those who cooperated with the FBI.

Accordingly, the FBI properly protected these individuals' privacy interests pursuant to Exemptions 6 and 7(C).

### (b)(6)-5 and (b)(7)(C)-5: NAMES AND IDENTIFYING INFORMATION OF NON-FBI FEDERAL GOVERNMENT PERSONNEL[13]

(29)    In Category (b)(6)-5 and (b)(7)(C)-5, the FBI protected the names and identifying information of personnel from non-FBI, federal government agencies who provided information to or otherwise assisted the FBI in its investigation of Michael Cohen and others for possible campaign finance violations. The rationale for protecting the identities of other government employees is the same as the rationale for protecting the identities of FBI employees. *See* ¶¶ 22-24, *supra.* Publicity, adverse or otherwise, concerning the assistance of these other agency employees in an FBI investigation would seriously impair their effectiveness in assisting or participating in future FBI investigations. The privacy consideration also protects these individuals from unnecessary, unofficial questioning as to the FBI investigation. It is possible for a person targeted by law enforcement action to carry a grudge which may last for years, and to seek revenge on the personnel involved in the investigations at issue in these FBI records. The publicity associated with the release of their names and/or identifying information in connection with these investigations could trigger hostility towards them by such persons. Therefore, these employees maintain substantial privacy interests in not having their identities disclosed in this context. In contrast, there is no public interest to be served by the disclosure of these employees' names and/or identifying information because their identities, by themselves, would not demonstrate how the FBI performed its statutory mission and thus, would not significantly

---

[13] In the records provided to Plaintiff and previously processed in response to 19-cv-8215 and 19-cv-1278, this code is identified as (b)(6)-3 and (b)(7)(C)-3.

increase the public's understanding of the FBI's operations and activities. Accordingly, the FBI

properly protected these employees' privacy interests pursuant to FOIA Exemptions 6 and 7(C).

### (b)(6)-6 and (b)(7)(C)-6: NAMES AND IDENTIFYING INFORMATION OF LOCAL LAW ENFORCEMENT PERSONNEL

(30)    In Exemption Category (b)(6)-6 and (b)(7)(C)-6, the FBI protected the names and

identifying information of local law enforcement employees. These employees were acting in

their official capacities and aided the FBI in the law enforcement investigative activities reflected

in the records responsive to plaintiff's requests. The rationale for protecting the identities of FBI

SAs and professional staff discussed in ¶¶ 22-24, *supra*, applies equally to the names and

identifying information of these local law enforcement employees. Release of the identities of

these law enforcement employees could subject them as individuals to unnecessary and

unwelcome harassment that would invade their privacy and could cause them to be targeted for

reprisal. In contrast, disclosure of this information would serve no public interest because it

would not shed light on the operations and activities of the FBI. Accordingly, the FBI properly

withheld this information pursuant to Exemptions 6 and 7(C).

### EXEMPTION (b)(7)(E) INVESTIGATIVE TECHNIQUES AND PROCEDURES

(31)    5 U.S.C. § 552(b)(7)(E) provides protection for:

> law enforcement records [which]…would disclose techniques and procedures for
> law enforcement investigations or prosecutions, or would disclose guidelines for
> law enforcement investigations or prosecutions if such disclosure could reasonably
> be expected to risk circumvention of the law.

(32)    Exemption (b)(7)(E) has been asserted to protect information from these records,

the release of which would disclose techniques and/or procedures for law enforcement

investigations or prosecutions, or would disclose guidelines for law enforcement investigations

or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

(33)     Within the responsive documents, the FBI applied Exemption (b)(7)(E) to non-public investigative techniques and procedures utilized by the FBI to pursue its law enforcement mission, and also to non-public details about techniques and procedures that are otherwise known to the public.  Specifically, the FBI asserted Exemption 7(E) on the page that Plaintiff inquired about to protect the following categories of information.

(b)(7)(E)-2: COLLECTION AND ANALYSIS OF INFORMATION

(34)     In Exemption category (b)(7)(E)-2 on Bates-numbered page FBI(19-cv-2267)-1227, the FBI protected specific details concerning methods the FBI uses to collect and analyze information it obtains for investigative purposes from a cellular phone and the specific identified areas of analytical interest here.  The release of this information would disclose the identity of the methods used in the collection and analysis of information from cellular phones and other electronic items as well as targeted information here and the technical capabilities available to extract certain information, and the methodologies employed to analyze it once collected.  Such disclosures would enable subjects of FBI investigations to circumvent similar currently used techniques.  The relative utility of these techniques could be diminished if the actual techniques were released in this matter.  This in turn would facilitate the accumulation of information by investigative subjects regarding the circumstances under which the specific techniques were used or requested and the usefulness of the information obtained.  Release of this type of information would enable criminals to educate themselves about the techniques employed for the collection and analysis of information and therefore allow these individuals to take countermeasures to circumvent the effectiveness of these techniques and to continue to violate the law and engage in intelligence, terrorist, and criminal activities.  Accordingly, the FBI has properly withheld this information pursuant to FOIA Exemption 7(E).

18

**CONSULTATIONS & REFERRALS**

(35)    As described in ¶ 8, the FBI received 59 pages from OIP for review and application of exemptions.  The FBI further consulted with EOUSA/SDNY, and determined all 59 pages were sealed pursuant to a Federal Court Sealing Oder and were covered by Exemption 3 and Federal Rule of Criminal Procedure 6(e).  The FBI advised Plaintiff of its determination by letter dated June 22, 2020.

(36)    As described in ¶ 10, the FBI located 1354 pages as a result of its search, reviewed these pages for FBI equities, and determined the records contained equities of EOUSA/SDNY.  The FBI forwarded the records and recommendations for withholding of certain FBI equity to EOUSA/SDNY for further processing and release directly to the Plaintiff.

(37)    On December 18, 2020, the FBI received an additional 293 pages from EOUSA/SDNY for consultation.  The FBI reviewed these pages for applicable redactions.  FBI returned its recommendations to EOUSA/SDNY.

**SEGREGABILITY**

(38)    As discussed in ¶ 4 *supra*, the FBI reviewed and processed a total of 1924 pages. From these 1,924 pages, Plaintiff narrowed his challenges to FBI withholdings on 1333 pages. The FBI conducted a page by page, line by line, review of its withholdings, and determined all FBI information withheld on these pages was either fully covered by one or more of the cited FOIA exemptions, or determined that any non-exempt FBI information on these pages was so intertwined with exempt material, no information could be reasonably segregated for release without triggering foreseeable harm to one or more of the cited FOIA exemptions.

## CONCLUSION

(39)    The FBI performed adequate and reasonable searches for responsive records,

processed all such records, and either released all reasonably segregable non-exempt

information, or provided its recommendations for withholdings to EOUSA/SNDY by consult or

referral for the purpose of releasing all reasonably segregable non-exempt information from

documents responsive to Plaintiff's FOIA request that are subject to FOIA.  Information was

properly withheld by the FBI pursuant to FOIA Exemptions 6, 7(C), and 7(E).  The FBI carefully

examined the documents and determined the information withheld from Plaintiff in this case, if

disclosed, would cause a clearly unwarranted invasion of the personal privacy; could reasonably

be expected to constitute an unwarranted invasion of personal privacy; and would disclose

techniques and procedures for law enforcement investigations.  After extensive review of the

contested documents at issue, the FBI determined that there is no further non-exempt FBI

information that can be reasonably segregated and released without revealing exempt

information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibit 1 through 6 attached hereto is a true and correct copy.

Executed this 29th day of July 2021.

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

      Plaintiff,

          v.

U.S DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 1:19-cv-02267-EGS

# **EXHIBIT 1**

# FAX COVER SHEET

| TO | FOIA Officer Record/Information Dissemination Section, FBI |
|---|---|
| COMPANY | |
| FAX NUMBER | 15408684997 |
| FROM | Komal Choudhary |
| DATE | 2019-07-18 20:52:44 GMT |
| RE | Expedited FOIA Request |

## COVER MESSAGE

Enclosed please find an expedited FOIA request.

JUL 23 2019



**CREW** | citizens for responsibility and ethics in washington

1101 K St., N.W., Suite 201
Washington, DC 20005
Phone: 202-408-5565
Fax: 202-588-5020

## FACSIMILE TRANSMITTAL SHEET

TO:

FOIA Officer, Record/Information
Dissemination Section

FROM:

Anne L. Weismann

COMPANY:

Federal Bureau of Investigation

DATE: JULY 18, 2019

RECIPIENT'S FAX NUMBER:

540-868-4391/4997

PAGE 1 OF 9

RECIPIENT'S PHONE NUMBER:

RE:

Please see enclosed expedited FOIA request

NOTES/COMMENTS:

*Pages transmitted are privileged and confidential.*



## CREW | citizens for responsibility and ethics in washington

July 18, 2019

**By Facsimile: (540) 868-4391/4997**

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

Re:  <u>Expedited Freedom of Information Act Request</u>

Dear FOIA Officer:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this expedited request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and U.S. Department of Justice ("DOJ") regulations.

Specifically, CREW requests all records related to the now closed investigation conducted by the U.S. Attorney's Office for the Southern District of New York into (1) who, besides Michael Cohen, was involved in and may be criminally liable for the two campaign finance violations to which Mr. Cohen pled guilty; and (2) whether certain individuals made false statements, gave false testimony, or otherwise obstructed justice in connection with this investigation. The nature of this investigation is outlined in the attached letter submitted on July 15, 2019, to U.S. District Court Judge William H. Pauley III in *United States v. Cohen*, Crim. No. 18-cr-602 (S.D.N.Y.). For your convenience a copy of this letter is attached. This request includes, but is not limited to witness statements, investigative reports, prosecution memoranda, and FBI 302s.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical material. Our request includes without limitation all correspondence, letters, emails, text messages, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request also includes any attachments to emails and other records, as well as those who were cc'ed or bcc'ed on any emails.

If it is your position any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). If some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. *See* 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and

FOIA Officer
July 18, 2019
Page 2

how the material is dispersed throughout the document. *See Mead Data Central v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

## Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A) and Department of Justice regulations, CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures likely will contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Moreover, the request primarily and fundamentally is for non-commercial purposes. *See, e.g., McClellan Ecological v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987).

In his memorandum opinion and order of July 17, 2019 (attached), ordering the unsealing of a subset of the documents requested here, Judge Pauley described the campaign finance violations that were under investigation as "a matter of national importance." He also deemed it "time that every American has an opportunity to scrutinize the Materials," referencing the documents related to the campaign finance investigation. Like the records Judge Pauley ordered be unsealed, the requested records would shed light on the extent, if any, that President Donald Trump or any of his businesses or associates has violated campaign finance laws and, if so, why the government has closed its investigation without prosecuting these crimes, with the exception of Michael Cohen. The American people deserve to know whether their president and his business associates have complied fully with the laws of our land and if they have not, why DOJ declined to prosecute them. The president is the most powerful and visible official of our country, and the truth about his actions and those of his campaign, businesses, and associates should not be shielded from public scrutiny.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the public's right to be aware of the activities of government officials, to ensuring the integrity of those officials, and to highlighting and working to reduce the influence of money on politics. CREW uses a combination of research, litigation, and advocacy to advance its mission. CREW intends to analyze the information responsive to this request and to share its analysis with the public through reports, press releases, or other means. In addition, CREW will disseminate any documents it acquires from this request to the public through its website, www.citizensforethics.org. The release of information obtained through this request is not in CREW's financial interest.

CREW further requests that it not be charged search or review fees for this request pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) because CREW qualifies as a member of the news media. *See Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1386 (D.C. Cir. 1989) (holding non-profit a "representative of the news media" and broadly interpreting the term to include "any person or organization which regularly publishes or disseminates information to the public").

FOIA Officer
July 18, 2019
Page 3

CREW routinely and systematically disseminates information to the public in several ways. CREW's website receives tens of thousands of page views every month. The website includes blog posts that report on and analyze newsworthy developments regarding government ethics, corruption, and money in politics, as well as numerous reports CREW has published to educate the public about these issues. In addition, CREW posts the documents it receives under the FOIA on its website, and those documents have been visited hundreds of thousands of times.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

### Request for Expedition

Finally, please be advised that CREW also has requested expedition of this request because its subject matter is of widespread and exceptional media interest and the requested information involves possible questions about the government's integrity that affect public confidence. Pursuant to 28 C.F.R. § 16.5(e)(2), CREW submitted that request to DOJ's Director of Public Affairs; a copy of that request is enclosed.

### Conclusion

If you have any questions about this request or foresee any problems in fully releasing the requested records, please contact me at (202) 408-5565 or aweismann@citizensforethics.org. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such a determination.

Where possible, please produce records in electronic format. Please send the requested records to me either at aweismann@citizensforethics.org or at Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1101 K Street, N.W., Suite 201, Washington, D.C. 20005. Thank you for your assistance in this matter.

Sincerely,

Anne L. Weismann
Chief FOIA Counsel

Encls.

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 15, 2019

<u>*EX PARTE* and UNDER SEAL</u>

<u>BY EMAIL and HAND</u>
The Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: <u>*United States v. Michael Cohen*</u>, 18 Cr. 602 (WHP)

Dear Judge Pauley:

  Pursuant to the Court's February 7, 2019 opinion and order (the "Order") and May 21, 2019 order, the Government respectfully submits this sealed, *ex parte* status report explaining the need for continued redaction of the materials subject to the Order. (*See* Order at 30).

  By way of background, several media organizations filed a request to unseal the affidavits, warrants, and riders associated with several different searches that were conducted in connection with a grand jury investigation into Michael Cohen and others (the "Materials"). The Government opposed that request, citing the need to protect an ongoing investigation and the personal privacy of certain individuals named in the Materials. On February 7, 2019, this Court granted the motion in part and denied it in part. Although the Court directed that certain parts of the Materials be unsealed (with limited redactions to protect privacy interests), the Court denied the motion to unseal all of the Materials. Relevant here, the Court held that "the portions of the Materials relating to Cohen's campaign finance crimes shall be redacted" to protect the ongoing law enforcement investigation. (Order at 11). On May 21, 2019, after receiving a status update from the Government on the need for continued sealing, the Court issued an order permitting continued sealing of the campaign finance portions of the Materials to protect an ongoing investigation, and directed that the Government provide another update by this date.

  The Government is no longer seeking to maintain the campaign finance portions of the Materials under seal in order to protect an ongoing investigation.[1]  However, while the majority of

---

[1] The Government has effectively concluded its investigations of (1) who, besides Michael Cohen, was involved in and may be criminally liable for the two campaign finance violations to which Cohen pled guilty ███████████████████; and (2) whether certain individuals, █████████ ██████████, made false statements, gave false testimony or otherwise obstructed justice in connection with this investigation ████████.

Page 2

the campaign finance portions of the Materials can now be unsealed, the Government respectfully submits that some redactions should be maintained in order to protect the personal privacy of certain individuals. In particular, consistent with the Court's prior Order, the Government seeks to redact references to individuals who are either (1) "'peripheral characters' for whom the Materials raise little discernable inference of criminal conduct" but who "may nonetheless be 'stigmatized'" by their inclusion in the Materials; or (2) people "around Cohen from which the public might infer criminal complicity." (Order at 14). However, while most references to such individuals are redacted, the Government does not seek to redact references to those individuals that are either (a) facts that have been publicly confirmed, either by the individual in public statements or the Government in public filings; or (b) facts sourced from publicly available materials. (*See* Order at 15 ("Shielding third parties from unwanted attention arising from an issue that is already public knowledge is not a sufficiently compelling reason to justify withholding judicial documents from public scrutiny.")).

Together with this letter, the Government has transmitted a copy of one of the search warrant affidavits with the proposed redactions marked. *See* Ex. A, at 38-57, 66-67, 71, 73-74, 83-101. (The proposed redactions also include the privacy-based redactions previously authorized in the bank and tax portions of the Materials.) The Government respectfully requests that the Court approve these redactions, and will submit corresponding redactions to the other affidavits (which are substantially similar to the attached affidavit) once the Court has ruled on these proposed redactions.

Respectfully submitted,

AUDREY STRAUSS
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

By: _____
Thomas McKay / Nicolas Roos
Assistant United States Attorneys
(212) 637-2200

cc: Counsel of Record (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------

UNITED STATES OF AMERICA,          :

       -against-          :          18cr602

MICHAEL COHEN,          :          MEMORANDUM & ORDER

            Defendant.          :

----------------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

      On April 9, 2018, the FBI executed searches of Defendant Michael Cohen's

residence, hotel room, office, safe deposit box, cell phones, and electronic communications

pursuant to warrants authorized under Rule 41 of the Federal Rules of Criminal Procedure and

18 U.S.C. § 2703. The New York Times Company, the American Broadcasting Companies,

Inc., the Associated Press, Cable News Network, Inc., Daily News, L.P., Dow Jones & Co., Inc.,

Newsday LLC, NYP Holdings, Inc., and CBS Broadcasting, Inc. sought to unseal copies of the

warrants, warrant applications, and supporting affidavits and riders relating to the April 9, 2018

searches (the "Materials").

      On February 7, 2019, this Court granted in part and denied in part the unsealing

requests. In that Opinion & Order, this Court directed the Government to submit proposed

redactions to the Materials, which were then publicly filed in redacted form on March 19, 2019

pursuant to an order dated March 18, 2019. The February 7, 2019 Opinion & Order also directed

the Government to submit a status report by May 15, 2019 explaining the need for continued

redaction of the Materials. United States v. Cohen, 366 F. Supp. 3d 612, 634 (S.D.N.Y. 2019).

      On May 21, 2019, this Court authorized the continued redaction of portions of the

Materials relating to Cohen's campaign finance violations to protect the Government's ongoing

investigation. The May 21, 2019 Order also directed the Government to submit a further status report by July 15, 2019 explaining the need for continued redaction of the Materials.

On July 15, 2019, the Government submitted a status report and proposed redactions to the Materials ex parte and under seal. The Government now represents that it has concluded the aspects of its investigation that justified the continued sealing of the portions of the Materials relating to Cohen's campaign finance violations. Although the Government agrees that the majority of the campaign finance portions of the Materials may be unsealed, it requests limited redactions to those portions to protect third-party privacy interests.

After reviewing the Government's status report and proposed redactions, this Court denies the Government's request. In particular—and in contrast to the private nature of Cohen's business transactions—the weighty public ramifications of the conduct described in the campaign finance portions warrant disclosure. See United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that "financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public"). Moreover, the involvement of most of the relevant third-party actors is now public knowledge, undercutting the need for continued secrecy. See United States v. Basciano, 2010 WL 1685810, at *4 (E.D.N.Y. Apr. 23, 2010) ("Shielding third parties from unwanted attention arising from an issue that is already public knowledge is not a sufficiently compelling reason to justify withholding judicial documents from public scrutiny."). On balance, the "strong presumption of public access" to search warrants and search warrant materials under the common law far outweighs the weakened privacy interests at play here. See Cohen, 366 F. Supp. 3d at 621-22 (collecting cases).

2

The campaign finance violations discussed in the Materials are a matter of national importance. Now that the Government's investigation into those violations has concluded, it is time that every American has an opportunity to scrutinize the Materials. Indeed, the common law right of access—a right so enshrined in our identity that it "predate[s] even the Constitution itself"—derives from the public's right to "learn of, monitor, and respond to the actions of their representatives and representative institutions." United States v. Erie Cty., 763 F.3d 235, 238-39 (2d Cir. 2014).

Accordingly, the Government is directed to file the July 15, 2019 status report and the Materials on the public docket on July 18, 2019 at 11:00 a.m. The July 15, 2019 status report shall be unredacted in its entirety, except that limited references in the footnote to an uncharged third-party may remain redacted. See United States v. Smith, 985 F. Supp. 2d 506, 526 (S.D.N.Y. 2013). The Materials shall be unredacted in their entirety, except that the names of law enforcement investigators, references to individuals who purportedly engaged in business transactions or contemplated business transactions with Cohen relating to taxi medallions, see Cohen, 366 F. Supp. 3d at 625, and personal information referenced in this Court's March 18, 2019 Order may remain redacted.

Dated:  July 17, 2019
       New York, New York


SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

      Plaintiff,

          v.

U.S DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 1:19-cv-02267-EGS

# EXHIBIT 2



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

July 31, 2019

MS. ANNE L. WEISMANN
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
SUITE 201
1101 K STREET NW
WASHINGTON, DC 20005

FOIPA Request No.: 1443149-000
Subject: All records of individuals involved in campaign finance violations

Dear Ms. Weismann:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes. Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☐ You submitted your request via the FBI's eFOIPA system.

    ☐ We have reviewed your request and determined it is consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be provided in an email link unless the record's file type is not supported by the eFOIPA system.

    ☐ We have reviewed your request and determined it is not consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be sent through standard mail.

☐ The subject of your request is currently being processed and documents will be released to you upon completion.

☐ Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑ Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable. If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

    ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☑ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☐ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:  https://www.foiaonline.gov/foiaonline/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

      Plaintiff,

          v.

U.S DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 1:19-cv-02267-EGS

# EXHIBIT 3



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 1, 2019

MS. ANNE L. WEISMANN
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
SUITE 201
1101 K STREET NW
WASHINGTON, DC 20005

FOIPA Request No.: 1443149-000
Subject: All records of individuals involved in
campaign finance violations

Dear Ms. Weismann:

This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information/Privacy Acts (FOIPA) request. Pursuant to the Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the below categories.

You have requested expedited processing according to:

☐ **28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☑ **28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐ **28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

☐ **28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have provided enough information concerning the statutory requirements permitting expedition; therefore, your request is approved.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternately, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Information Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

       Plaintiff,

          v.

U.S DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No. 1:19-cv-02267-EGS

# EXHIBIT 4



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 22, 2020

MS. ANNE L. WEISMANN
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
SUITE 201
1101 K STREET NW
WASHINGTON, DC 20005

           Civil Action No.: 19-cv-2267
           FOIPA Request No.: 1443149-000
           Subject: All Records of Individuals Involved in
           Campaign Finance Violations

Dear Ms. Weismann:

     The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| <u>Fed. R. Crim. P. 6(e)</u> | ☐ (b)(7)(D) | ☐ (k)(2) |
| <u>        </u> | ☑ (b)(7)(E) | ☐ (k)(3) |
| <u>        </u> | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

     59 pages were reviewed and 0 pages are being released.

     Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

     ☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

      ☐ This information has been referred to the OGA(s) for review and direct response to you.
      ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

     Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.

"**Part 3**" includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, if you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑   See additional information which follows.

Sincerely,

Michael G. Seidel
Acting Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)

This represents the second interim release of information responsive to your Freedom of Information/Privacy Acts (FOIPA) request.   DOJ/OIP referred 59 pages to the FBI for review and processing in response to your request.   The FBI conferred with the United States Executive Office for U.S Attorneys and determined all 59 pages remain sealed pursuant to a Federal Court Order; therefore they are not eligible for release under the Freedom of Information Act.   Also included in this release are two documents (8 pages) of previously processed material. This material was provided to you in the FBI's first interim release, and has since been revised to release additional information.

Please be advised that as of June 8, the Record Information/Dissemination Section (RIDS) resumed operating at full staffing levels amidst the ongoing COVID-19 national emergency.   The enclosed FOIPA release represents a work product that could be generated for you under these unprecedented circumstances and the limited time we were fully staffed during the month of June.   We appreciate your patience and understanding as we work to release as much information, to as many requesters as possible, as this emergency continues.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)  **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)  **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)  **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)  **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records about any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)  **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)  **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)  **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)  **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)  **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

      Plaintiff,

          v.

U.S DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 1:19-cv-02267-EGS

# EXHIBIT 5

*Citizens for Responsibility and Ethics in Washington v. U.S Department of Justice*

19-cv-2267

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## *Vaughn* **Index**

| SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES | |
| --- | --- |
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and Identifying Information of FBI Special Agents and Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Names and Identifying Data of Third Parties of Investigative Interest |
| (b)(6)-3 and (b)(7)(C)-3 | Names and Identifying Information of Third Parties Merely Mentioned |
| (b)(6)-4 and (b)(7)(C)-4 | Names and Identifying Information of 3rd Parties who Provided Information |
| (b)(6)-5 and (b)(7)(C)-5 | Names and Identifying Information of Non-FBI Federal Government Personnel |
| (b)(6)-6 and (b)(7)(C)-6 | Names and Identifying Information of Local Law Enforcement Personnel |

**INDEX KEY**

RD:   Referral Direct - Page was withheld in full as it was sent to another government agency for direct response to Plaintiff

A-1

## FBI DOCUMENT TYPES

- Handwritten Interview Notes:  These are the original handwritten notes of FBI personnel who conducted interviews in the course of FBI investigations.  These notes are almost always transposed into FD-302s and are utilized by the FBI in the same manner.

- FD-302s: FD-302s are internal FBI forms in which evidence is often documented, usually the results of FBI interviews.  Such evidence and/or interview information may later be used as testimony or evidence in court proceedings/trials.  Additionally, these evidence/interview forms are often incorporated in other FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts.

- Other Government Agency Information:  These are documents provided to the FBI by other federal government agencies.  This information can be incorporated in FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts

A-2

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WtF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| FD-302 documenting execution of a Search Warrant | 1 | x | | | | | | | x |
| Email executing Search Warrant | 2 | x | x | | | | | | x |
| Sealed Search Warrant and Non-Disclosure Order and Attachment | 3 | x | x | | | | | x | x |
| | 5 | | x | x | | | | x | x |
| | 7 | | x | x | | | | | x |
| | 8 | | x | x | x | | | x | x |
| Handwritten notes from a third party interview | 68 | | | x | x | | | x | x |
| | 69 | | | x | x | | | x | x |
| | 70 | x | | x | x | | | | x |
| | 71 | | | x | x | | | | x |
| | 72 | | | x | x | | | | x |
| | 73 | | | | | | | | x |
| | 74 | | | | x | | | | x |
| | 75 | | | x | x | | | x | x |
| | 76 | | | | x | | | x | x |
| | 77 | | | | x | | | | x |
| | 78 | | | | x | | | | x |
| | 79 | | | | x | | | | x |
| | 80 | | | | x | | | | x |
| Handwritten notes from interview on 5/25/2018 of Keith Davidson at the U.S. Attorney's Office pursuant to a Proffer Agreement | 81 | | | | x | | | | x |
| | 82 | | | | x | | | | x |
| | 83 | | | | x | | | | x |
| | 84 | | | | x | | | | x |
| | 85 | | | | x | | | x | x |
| | 86 | | | | x | | | x | x |
| | 87 | | | x | x | | | | x |
| | 88 | | | x | x | | | | x |
| | 89 | | | | x | | | | x |
| | 90 | | | | x | | | | x |
| | 91 | | | x | x | | | x | x |
| | 92 | | | x | x | | | x | x |
| | 93 | | | x | x | | | x | x |
| | 94 | | | x | x | | | | x |
| | 95 | | | x | x | | | | x |
| | 96 | | | x | | | | | x |
| | 97 | | | x | x | | | x | x |

3

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Documents utilized during the interview on 5/25/2018 of Keith Davidson at the U.S. Attorney's Office pursuant to a Proffer Agreement | 98 | | | | | | | | x |
| | 99 | | | | | | | | x |
| | 100 | | | | | | | | x |
| | 101 | | | x | x | | | x | x |
| | 102 | | | | x | | | x | x |
| | 103 | | | x | x | | | x | x |
| | 104 | | | | | | | | x |
| | 105 | | | | x | | | x | x |
| | 106 | | x | | | | | | x |
| | 107 | | | | x | | | x | x |
| | 108 | | | | x | | | | x |
| | 109 | | x | x | x | | | | x |
| | 110 | | x | x | x | | | x | x |
| Handwritten notes from interview of Keith Davidson on 06/04/2018 pursuant to a proffer agreement | 113 | x | | x | x | | | | x |
| | 114 | | | x | x | x | | x | x |
| | 115 | | | x | x | | | x | x |
| | 116 | | | x | x | | | x | x |
| | 117 | | | x | x | | | x | x |
| | 118 | | | | x | | | x | x |
| | 119 | | | | x | | | x | x |
| | 120 | | | x | x | | | x | x |
| | 121 | | | x | x | | | x | x |
| | 122 | | | | x | | | x | x |
| | 123 | | | x | x | | | x | x |
| | 124 | | | x | x | | | x | x |
| | 125 | | | x | x | | | x | x |
| | 126 | | | x | x | | | x | x |
| | 127 | | | x | x | | | x | x |
| | 128 | | | x | x | | | x | x |
| | 129 | | | | x | | | x | x |
| | 130 | | | | x | | | x | x |
| | 131 | | | | x | | | x | x |
| Documents utilized during the interview of Keith Davidson on 06/04/2018 pursuant to a proffer agreement | 132 | | | | x | | | x | x |
| | 133 | | | | x | | | | x |
| | 134 | | | | x | | | | x |
| | 135 | | | x | x | | | | x |
| | 136 | | | x | x | | | | x |
| | 137 | | | | x | | | x | x |
| | 138 | | | x | | | | x | x |
| | 139 | | | | x | | | x | x |

4

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | W/E by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| | 140 | | | | | | | | x |
| | 141 | x | | | x | | | x | x |
| | 142 | | | | | | | x | x |
| | 144 | | x | x | x | | | x | x |
| | 146 | | x | x | x | | | x | x |
| | 147 | | x | x | x | | | x | x |
| | 148 | | x | x | x | | | x | x |
| | 149 | | x | x | x | | | x | x |
| | 150 | | x | x | x | | | x | x |
| | 151 | | x | x | x | | | x | x |
| | 152 | | x | x | x | | | x | x |
| | 153 | | x | x | x | | | x | x |
| | 154 | | x | x | x | | | x | x |
| | 155 | | x | x | x | | | x | x |
| Documents utilized during the interview of Keith Davidson on 06/04/2018 pursuant to a proffer agreement Cont. | 156 | | x | x | x | | | x | x |
| | 157 | | x | x | x | | | x | x |
| | 158 | | | x | x | | | x | x |
| | 159 | | | x | x | | | x | x |
| | 160 | | | x | x | | | x | x |
| | 161 | | | x | x | | | x | x |
| | 162 | | | x | x | | | x | x |
| | 163 | | | x | x | | | x | x |
| | 164 | | | x | x | | | x | x |
| | 165 | | | x | x | | | x | x |
| | 166 | | | x | x | | | x | x |
| | 167 | | | x | x | | | x | x |
| | 168 | | | x | x | | | x | x |
| | 169 | | | x | x | | | x | x |
| | 170 | | | x | x | | | x | x |
| | 171 | | | x | x | | | x | x |
| | 172 | | | x | x | | | x | x |
| | 173 | | | x | x | | | x | x |
| | 174 | | | x | x | | | x | x |
| | 175 | | | x | x | | | x | x |
| | 176 | | | x | x | | | x | x |
| | 177 | | | x | x | | | x | x |
| | 178 | | | x | x | | | x | x |
| | 179 | | | x | x | | | x | x |
| | 180 | | | x | x | | | x | x |
| | 181 | | | x | x | | | x | x |
| | 182 | | | x | x | | | x | x |

5

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | W/F by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Documents utilized during the interview of Keith Davidson on 06/04/2018 pursuant to a proffer agreement Cont. | 183 | | | | | | | x | x |
| | 184 | | | x | x | | | x | x |
| | 185 | | | x | x | | | x | x |
| | 186 | | | x | x | | | x | x |
| | 187 | | | | | | | | x |
| | 188 | | | x | x | | | x | x |
| | 189 | | | x | x | | | x | x |
| | 190 | | | x | x | | | x | x |
| | 191 | | | | | | | | x |
| | 192 | | | x | x | | | x | x |
| | 193 | | | | | | | | x |
| | 194 | | | x | x | | | x | x |
| | 195 | | | x | x | | | x | x |
| | 196 | | | x | x | | | x | x |
| | 197 | | | | | | | | x |
| Handwritten notes from interview of Keith Davidson on 08/03/2018 pursuant to a proffer agreement | 198 | | | x | x | | | x | x |
| | 199 | | | x | x | | | x | x |
| | 200 | | | | | | | | x |
| | 201 | | | x | x | | | | x |
| | 202 | | | | | | | | x |
| | 203 | | | | x | | | x | x |
| | 204 | x | | x | x | | | | x |
| | 205 | | | | | x | | | x |
| | 206 | x | | x | x | x | | x | x |
| | 207 | | | x | x | | | | x |
| | 208 | | x | x | x | | | | x |
| | 209 | | x | x | x | | | | x |
| | 210 | | x | x | x | | | | x |
| | 211 | | x | | x | | | | x |
| Handwritten notes from a third party interview | 212 | | x | x | x | | | | x |
| | 213 | | | | | | | | x |
| | 214 | | x | x | x | | | | x |
| | 215 | | | | | | | | x |
| | 216 | | x | x | x | | | | x |
| | 217 | | x | x | x | | | | x |
| | 218 | x | | x | x | | | | x |
| | 219 | | x | x | x | | | | x |
| | 220 | | x | x | x | | | | x |
| | 221 | | | x | x | | | | x |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | 6/7C 6 | WH by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|---|
| | 222 | | | | | | | | x | x |
| | 223 | x | x | x | x | | | | | x |
| | 224 | x | x | x | x | | | | | x |
| | 225 | x | | | | | | | | x |
| | 228 | x | x | | | | | | | x |
| | 230 | x | x | x | | | | | | x |
| | 232 | x | x | | | | | | | x |
| | 233 | x | x | | | | | | | x |
| | 235 | | | x | x | | | | | x |
| | 238 | | x | x | | | | | | x |
| | 239 | | x | x | | | | | | x |
| | 241 | | x | | | | | | | x |
| | 242 | | x | x | x | | | | x | x |
| | 243 | | x | | x | | | | x | x |
| | 244 | | x | | | | | | | x |
| | 246 | | x | | | | | | | x |
| | 247 | | x | | | | | | | x |
| | 249 | | x | | | | | | | x |
| Documents utilized during the interview of a third party | 250 | | | x | x | | | | x | x |
| | 251 | | x | x | x | | | | x | x |
| | 252 | | x | x | | | | | x | x |
| | 253 | | x | | | | | | x | x |
| | 254 | | x | | x | | | | x | x |
| | 255 | | x | | | | | | x | x |
| | 256 | x | x | | | | | | x | x |
| | 257 | x | x | | | | | | x | x |
| | 258 | x | x | | x | | | | | x |
| | 259 | x | x | | | | | | | x |
| | 260 | x | x | | | | | | x | x |
| | 261 | x | x | | x | | | | x | x |
| | 262 | x | x | | x | | | | x | x |
| | 264 | x | x | | | | | | | x |
| | 265 | x | x | | | | | | | x |
| | 266 | | x | | | | | | | x |
| | 267 | x | | | | | | | | x |
| | 269 | | x | x | | | | | x | x |
| | 270 | x | x | | | | | | | x |
| | 271 | | x | | | | | | | x |
| | 272 | x | x | | | | | | | x |
| | 273 | | x | | | | | | x | x |
| | 274 | | x | x | | | | | | x |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| | 275 | | | | | | | | x |
| | 276 | | x | x | | | | x | x |
| | 277 | | x | x | x | | | x | x |
| | 278 | | x | x | | | | x | x |
| | 279 | | x | x | | | | | x |
| | 280 | x | x | | | | | | x |
| | 281 | | x | x | x | | | x | x |
| | 282 | | x | x | | | | x | x |
| | 283 | | x | x | | | | x | x |
| | 284 | | | x | | | | | x |
| | 285 | | | | | | | | x |
| | 286 | | x | x | | | | x | x |
| | 287 | | x | x | x | | | x | x |
| | 288 | | x | x | | | | | x |
| | 289 | | x | x | x | | | | x |
| | 290 | | x | x | | | | | x |
| | 291 | | | x | | x | | x | x |
| | 292 | | x | | | | | | x |
| Documents utilized during the interview of a third party Cont. | 293 | | x | | | | | | x |
| | 294 | | x | x | | | | x | x |
| | 295 | | x | x | | | | x | x |
| | 296 | | x | x | | | | x | x |
| | 297 | | x | | | | | x | x |
| | 298 | | x | x | | | | | x |
| | 299 | | x | x | | | | x | x |
| | 300 | | x | x | | | | x | x |
| | 301 | | x | | | | | | x |
| | 302 | | x | x | | | | | x |
| | 303 | | x | x | | | | x | x |
| | 304 | | x | x | | | | x | x |
| | 305 | | x | x | | | | | x |
| | 306 | | x | x | | | | x | x |
| | 307 | | x | x | | | | x | x |
| | 308 | | x | x | | | | | x |
| | 309 | | x | x | | | | x | x |
| | 310 | | x | x | | | | x | x |
| | 311 | | x | x | | | | | x |
| | 312 | | x | | | | | | x |
| | 313 | | x | | | | | | x |
| | 314 | | | x | | | | | x |
| | 315 | | x | x | | | | | x |
| | 316 | | x | | | | | x | x |

8

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| | 317 | | | | | | | | x |
| Handwritten notes from a third party interview | 318 | | | x | x | | | | x |
| | 319 | | x | x | x | | | | x |
| | 320 | | x | x | x | | | | x |
| | 321 | | x | x | x | | | | x |
| | 322 | | x | x | | | | | x |
| | 323 | | x | x | x | | | | x |
| Documents utilized during the interview of a third party | 324 | | x | x | | | | x | x |
| | 325 | | x | | | | | | x |
| | 326 | | x | x | | | | x | x |
| | 327 | | x | | | | | x | x |
| Documents utilized during the interview of John Gauger on 07/09/2018 | 328 | | x | | | | | | x |
| | 329 | | x | x | x | | | | x |
| | 330 | | x | x | | | | | x |
| | 331 | | x | x | x | | | | x |
| | 332 | | x | x | | | | | x |
| | 333 | | | | | | | | x |
| | 334 | x | | | x | | | | x |
| | 335 | | | x | x | x | | | x |
| | 336 | | | x | x | | | | x |
| | 337 | | | x | x | | | | x |
| Handwritten notes from interview of John Gauger on 07/09/2018 | 338 | | | x | x | | | | x |
| | 339 | | | x | x | | | | x |
| | 340 | | | x | x | | | | x |
| | 341 | | | x | x | | | | x |
| | 342 | | | x | x | | | | x |
| | 343 | | | x | x | | | | x |
| | 344 | | | x | x | | | | x |
| | 345 | | | x | x | | | | x |
| | 346 | x | | x | x | x | | | x |
| | 347 | | | x | x | | | x | x |
| | 348 | | | x | x | | | x | x |
| | 349 | | | x | x | | | x | x |
| | 350 | | | x | x | | | x | x |
| Handwritten notes from a third party interview | 351 | | | x | x | | | x | x |
| | 352 | | | x | x | | | x | x |
| | 353 | | | x | x | | | x | x |
| | 354 | | | x | x | | | x | x |
| | 355 | | | x | x | | | x | x |
| | 356 | | | x | x | | | x | x |
| | 357 | | | x | x | | | x | x |
| | 358 | | | x | x | | | x | x |

9

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| | 359 | | | | x | x | | x | x |
| | 360 | x | | x | x | | | x | x |
| | 361 | | | | x | | | x | x |
| | 362 | | | x | x | | | x | x |
| | 363 | | | x | x | | | x | x |
| | 364 | | | x | x | | | x | x |
| Handwritten notes from a | 365 | | | x | x | | | x | x |
| third party interview Cont. | 366 | | | x | x | | | x | x |
| | 367 | | | x | x | | | x | x |
| | 368 | | | | x | x | | x | x |
| | 369 | | | x | x | | | x | x |
| | 370 | | | | x | x | | x | x |
| | 371 | | | x | x | | | x | x |
| | 372 | | | | x | | | x | x |
| | 373 | | | | x | | | x | x |
| | 374 | | | x | x | | | x | x |
| | 375 | | | x | x | x | | x | x |
| | 376 | | | x | x | | | x | x |
| | 377 | | | x | x | | | x | x |
| | 378 | | | x | x | | | x | x |
| | 379 | | | x | x | | | x | x |
| | 380 | | x | x | x | | | x | x |
| | 381 | | x | x | x | | | x | x |
| | 382 | | x | x | x | | | x | x |
| | 383 | | x | x | x | | | x | x |
| | 384 | | | x | x | | | x | x |
| | 385 | | | x | x | | | x | x |
| Documents utilized during | 386 | | x | x | x | | | x | x |
| the interview of a third party | 387 | | | x | x | | | x | x |
| | 388 | | | x | x | | | x | x |
| | 389 | | | x | x | | | x | x |
| | 390 | | | x | x | | | x | x |
| | 391 | | | x | x | | | x | x |
| | 392 | | | x | x | | | x | x |
| | 393 | | | x | x | | | x | x |
| | 394 | | x | x | x | | | x | x |
| | 395 | | x | x | x | | | x | x |
| | 396 | | x | x | x | | | x | x |
| | 397 | | x | x | x | | | x | x |
| | 398 | | x | x | x | | | x | x |
| | 399 | | | x | x | | | x | x |
| | 400 | | | x | x | | | x | x |

10

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Documents utilized during the interview of a third party Cont. | 401 | | | x | x | | | x | x |
| | 402 | | x | x | x | | | x | x |
| | 403 | | | x | x | x | | x | x |
| | 404 | | | x | x | | | x | x |
| | 405 | | | x | x | | | x | x |
| | 406 | | | x | x | x | | x | x |
| | 407 | | | x | x | | | x | x |
| | 408 | | | x | x | | | x | x |
| | 409 | | | x | x | x | | x | x |
| | 410 | | | x | x | | | x | x |
| | 411 | | x | x | x | x | | x | x |
| | 412 | | | x | x | | | x | x |
| | 413 | | | x | x | x | | x | x |
| | 414 | | x | x | x | | | x | x |
| | 415 | | | x | x | | | x | x |
| | 416 | | | x | x | x | | x | x |
| | 417 | | | x | x | | | x | x |
| | 418 | | x | x | x | | | x | x |
| | 419 | | | x | x | x | | x | x |
| | 420 | | | x | x | | | x | x |
| | 421 | | | x | x | x | | x | x |
| | 422 | | | x | x | | | x | x |
| | 423 | | | x | x | | | x | x |
| | 424 | | | x | x | x | | x | x |
| | 425 | | | x | x | | | x | x |
| | 426 | | | x | x | x | | x | x |
| | 427 | | | x | x | | | x | x |
| | 428 | | | x | x | | | x | x |
| | 429 | | | x | x | x | | x | x |
| | 430 | | | x | x | | | x | x |
| | 431 | | | x | x | x | | x | x |
| | 432 | | | x | x | | | x | x |
| | 433 | | | x | x | x | | x | x |
| | 434 | | | x | x | | | x | x |
| | 435 | | | x | x | x | | x | x |
| | 436 | | | x | x | | | x | x |
| | 437 | | | x | x | | | x | x |
| | 438 | | | x | x | x | | x | x |
| | 439 | | | x | x | | | x | x |
| | 440 | | | x | x | x | | x | x |
| | 441 | | | x | x | | | x | x |
| | 442 | | | x | x | x | | x | x |

11

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | W/F by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| | 443 | | | X | X | X | | X | X |
| | 444 | | | X | X | X | | X | X |
| | 445 | | | X | X | X | | X | X |
| | 446 | | | X | X | X | | X | X |
| | 447 | | | X | X | X | | X | X |
| | 448 | | | X | X | X | | X | X |
| | 449 | | | X | X | X | | X | X |
| | 450 | | | X | X | X | | X | X |
| | 451 | | | X | X | X | | X | X |
| | 452 | | | X | X | X | | X | X |
| | 453 | | | X | X | X | | X | X |
| | 454 | | | X | X | X | | X | X |
| | 455 | | | X | X | X | | X | X |
| | 456 | | | X | X | X | | X | X |
| | 457 | | | X | X | X | | X | X |
| | 458 | | | X | X | X | | X | X |
| | 459 | | | X | X | X | | X | X |
| | 460 | | | X | X | X | | X | X |
| Documents utilized during the interview of a third party Cont. | 461 | | | X | X | X | | X | X |
| | 462 | | | X | X | X | | X | X |
| | 463 | | | X | X | X | | X | X |
| | 464 | | | X | X | X | | X | X |
| | 465 | | | X | X | X | | X | X |
| | 466 | | | X | X | X | | X | X |
| | 467 | | | X | X | X | | X | X |
| | 468 | | | X | X | X | | X | X |
| | 469 | | | X | X | X | | X | X |
| | 470 | | | X | X | X | | X | X |
| | 471 | | | X | X | X | | X | X |
| | 472 | | | X | X | X | | X | X |
| | 473 | | | X | X | X | | X | X |
| | 474 | | | X | X | X | | X | X |
| | 475 | | | X | X | X | | X | X |
| | 476 | | | X | X | X | | X | X |
| | 477 | | | X | X | X | | X | X |
| | 478 | | | X | X | X | | X | X |
| | 479 | | | X | X | X | | X | X |
| | 480 | | | X | X | X | | X | X |
| | 481 | | | X | X | X | | X | X |
| | 482 | | | X | X | X | | X | X |
| | 483 | | | X | X | X | | X | X |
| | 484 | | | X | X | X | | X | X |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Documents utilized during the interview of a third party Cont. | 485 | | | | | | | | x |
| | 486 | x | x | x | x | | | x | x |
| | 487 | x | x | x | x | | | | x |
| | 488 | | | | | | | | x |
| | 489 | | | x | x | | | x | x |
| | 490 | | | | x | | | x | x |
| | 491 | | x | x | x | | | x | x |
| | 492 | x | | | | | | x | x |
| | 500 | x | | | | x | | | x |
| | 501 | | | | x | | | | x |
| | 502 | | | x | x | | | x | x |
| | 503 | | | x | x | | | | x |
| | 504 | | | x | x | | | x | x |
| | 505 | | | | x | | | | x |
| | 506 | | | | x | | | x | x |
| Handwritten notes from a third party interview | 507 | | | | x | | | x | x |
| | 508 | | | | x | | | x | x |
| | 509 | | | | x | | | | x |
| | 510 | | | | x | | | x | x |
| | 511 | | | | x | | | x | x |
| | 512 | | | x | x | | | x | x |
| | 513 | | | | x | | | x | x |
| | 514 | | | x | x | | | x | x |
| | 515 | | | x | x | | | | x |
| | 516 | | | x | x | | | | x |
| | 518 | | | | x | | | | x |
| | 519 | | | | x | | | x | x |
| | 520 | | | x | x | | | | x |
| | 521 | | | x | x | | | | x |
| Documents utilized during the interview of a third party | 522 | x | x | | | | | | x |
| | 524 | | | | x | | | | x |
| | 525 | | | | | | | | x |
| | 526 | | | | x | | | | x |
| | 527 | | | | x | | | | x |
| | 528 | | | x | x | | | x | x |
| | 529 | | | | x | | | | x |
| | 530 | | | x | x | | | | x |
| | 531 | | | | x | | | x | x |
| | 532 | x | | | | x | | | x |
| Handwritten notes from a third party interview | 533 | | | x | x | | | x | x |
| | 534 | | | x | x | | | | x |
| | 535 | | | x | x | | | | |

13

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Handwritten notes from a third party interview Cont. | 536 | | | x | x | | | | x |
| | 537 | | | x | x | | | | x |
| | 538 | | | x | x | | | x | x |
| | 539 | | | x | x | | | | x |
| | 540 | | | x | x | | | | x |
| | 541 | | | x | x | | | | x |
| | 542 | | | x | x | | | | x |
| | 543 | | | x | x | | | | x |
| | 544 | | | x | | | | | x |
| | 545 | | | | x | | | | x |
| | 546 | | | x | x | | | x | x |
| | 547 | | | | x | | | x | x |
| | 548 | | | x | x | | | | x |
| | 549 | | | x | x | | | | x |
| | 550 | | | | x | | | | x |
| | 551 | | | x | x | | | x | x |
| | 552 | | | x | x | | | x | x |
| | 553 | | | x | x | | | x | x |
| | 554 | | | | x | | | | x |
| | 555 | | | x | x | | | | x |
| Documents utilized during the interview of a third party | 556 | | | x | x | | | | x |
| | 557 | | | x | x | | | | x |
| | 558 | | | x | x | | | | x |
| | 559 | | | x | x | | | | x |
| | 560 | | | | x | | | x | x |
| | 561 | | | | x | | | x | x |
| | 562 | | | x | x | | | x | x |
| | 563 | | | x | x | | | x | x |
| | 564 | | | x | x | | | | x |
| | 570 | | | | x | | | x | x |
| | 571 | | | x | x | | | | x |
| | 572 | | | x | x | | | x | x |
| | 573 | | | x | x | | | | x |
| | 574 | | | x | x | | | | x |
| | 575 | | | x | x | | | x | x |
| | 577 | | | | x | | | | x |
| | 578 | x | | | | x | | | x |
| Handwritten notes from a third party interview | 579 | | | x | x | | | x | x |
| | 580 | | | x | x | | | x | x |
| | 581 | | | x | | | | x | x |
| | 582 | | | | x | | | | x |
| | 583 | | | x | x | | | | x |

14

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | W/E by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Handwritten notes from a third party interview Cont. | 584 | | | | | | | | x |
| | 585 | | | | x | | | | x |
| | 586 | | | x | x | | | | x |
| | 587 | | | x | x | | | | x |
| | 588 | | | | x | | | | x |
| | 589 | | | | | | | x | x |
| | 590 | | | | x | | | x | x |
| | 591 | | | | | | | | x |
| | 592 | | x | x | x | | | | x |
| | 593 | | x | x | x | | | | x |
| | 594 | | | | x | | | x | x |
| | 595 | | x | x | | | | | x |
| | 597 | | | x | x | | | | x |
| | 603 | | | x | x | | | | x |
| Documents utilized during the interview of a third party | 604 | | x | x | x | | | | x |
| | 605 | | x | x | x | | | | x |
| | 606 | | | x | x | | | | x |
| | 607 | | x | x | x | | | | x |
| | 608 | | x | x | x | | | | x |
| | 609 | | x | x | x | | | | x |
| | 610 | | | x | x | | | | x |
| | 612 | | | x | x | | | | x |
| | 614 | | | x | x | | | | x |
| | 615 | | | x | x | | | x | x |
| | 616 | | | | x | | | | x |
| FD-302 form documenting interview of a third party | 619 | x | | x | x | x | | | x |
| | 620 | | | x | x | x | | | x |
| | 621 | x | | x | x | | | | x |
| | 622 | | | x | x | | | | x |
| | 623 | | | x | x | | | | x |
| | 624 | | | x | x | | | | x |
| | 625 | | | x | x | | | x | x |
| | 626 | | | x | x | | | x | x |
| Handwritten notes from a third party interview | 627 | | | x | x | | | | x |
| | 628 | | | x | x | | | x | x |
| | 629 | | | x | | | | | x |
| | 630 | | | x | x | | | x | x |
| | 631 | | | x | x | | | x | x |
| | 632 | | | | x | | | x | x |
| | 633 | | | x | x | | | | x |

15

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| | 634 | | | | | | | x | x |
| | 635 | | | x | x | | | x | x |
| | 636 | | | x | x | | | | x |
| | 637 | | | | x | | | | x |
| | 638 | | | x | x | | | | x |
| | 639 | | | x | x | | | | x |
| | 640 | | | | | | | x | x |
| Handwritten notes from a | 641 | | | x | x | | | x | x |
| third party interview Cont. | 642 | | | | | | | | x |
| | 643 | | | x | x | | | x | x |
| | 644 | | | x | x | | | | x |
| | 645 | | | x | x | | | x | x |
| | 646 | | | x | x | | | x | x |
| | 647 | | | x | x | | | | x |
| | 648 | | | x | x | | | x | x |
| | 649 | | | x | x | | | | x |
| | 650 | | | x | x | | | x | x |
| | 651 | | | x | x | | | x | x |
| | 652 | | | x | x | | | x | x |
| | 653 | | | x | x | | | x | x |
| | 654 | | | | | | | | x |
| | 655 | | | x | x | | | x | x |
| | 656 | | | | | | | | x |
| | 657 | | | x | x | | | x | x |
| | 658 | | | x | x | | | x | x |
| | 659 | | | x | x | | | x | x |
| Handwritten notes from a | 660 | | | x | x | | | x | x |
| third party interview | 661 | | x | x | x | | | x | x |
| | 662 | | x | x | x | | | x | x |
| | 663 | | | x | x | | | x | x |
| | 664 | | | x | x | | | x | x |
| | 665 | | | x | x | | | | x |
| | 666 | | | x | x | | | | x |
| | 667 | | | | x | | | | x |
| | 668 | | | x | x | | | x | x |
| | 669 | | | | x | | | x | x |
| | 670 | | x | | | | | | x |
| | 671 | x | | x | x | x | | | x |
| Handwritten notes from a | 672 | | | x | x | | | x | x |
| third party interview | 673 | | | x | x | | | | x |
| | 674 | | | x | x | | | x | x |
| | 675 | | | x | x | | | x | x |

16

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Handwritten notes from a third party interview | 676 | | | | x | | | | x |
| | 677 | | | x | x | | | | x |
| | 678 | | | x | x | | | x | x |
| | 679 | | | x | x | | | x | x |
| | 680 | | | x | x | | | | x |
| | 681 | | | x | x | | | x | x |
| | 682 | | | x | x | | | | x |
| | 683 | | | x | x | | | x | x |
| | 684 | | | x | x | | | | x |
| | 685 | | | x | x | | | x | x |
| | 686 | | | | x | | | | x |
| | 687 | | | | x | | | x | x |
| | 688 | | | | x | | | | x |
| | 689 | | | | x | | | x | x |
| Documents utilized during the interview of a third party | 690 | | x | | | | | | x |
| | 691 | x | x | x | | | | x | x |
| | 692 | x | x | | | | | x | x |
| | 693 | | | x | x | | | x | x |
| | 694 | | | | x | | | x | x |
| | 695 | | | | x | | | x | x |
| | 696 | | | | x | | | x | x |
| | 697 | | x | | x | | | | x |
| | 699 | | | | x | | | | x |
| | 701 | x | | | x | x | | | x |
| | 702 | | | | x | | | x | x |
| | 703 | | | | x | | | x | x |
| | 704 | | | | x | | | x | x |
| | 705 | | | | x | | | x | x |
| Handwritten notes from a third party interview | 706 | | | | x | | | x | x |
| | 707 | | | x | x | | | x | x |
| | 708 | | | x | | | | x | x |
| | 709 | | | | x | | | x | x |
| | 710 | | | x | x | | | x | x |
| | 711 | | | x | x | | | x | x |
| | 712 | | | x | x | | | x | x |
| | 713 | | | x | x | | | x | x |
| Handwritten notes from a third party interview | 714 | x | | x | x | | | | x |
| | 715 | | | x | | x | | x | x |
| | 716 | | | x | x | | | x | x |

17

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Handwritten notes from a third party interview Cont. | 717 | | | | | | | x | x |
| | 718 | | | | | | | x | x |
| | 719 | | | | | | | x | x |
| | 720 | | | | | | | x | x |
| | 721 | | | | x | | | x | x |
| | 722 | | | | x | | | x | x |
| | 723 | | | x | | | | x | x |
| | 724 | | | x | x | | | x | x |
| | 732 | | | x | | | | x | x |
| | 733 | | | | | | | x | x |
| | 734 | | | | x | | | x | x |
| | 735 | | | | | | | x | x |
| | 736 | | | | | | | x | x |
| | 737 | | | | | | | x | x |
| Documents utilized during the interview of a third party | 738 | | | | | | | x | x |
| | 739 | | | | | | | x | x |
| | 740 | | | | | | | x | x |
| | 741 | | | x | | | | x | x |
| | 742 | | | | x | | | x | x |
| | 743 | | | | | | | x | x |
| | 744 | | | | | | | x | x |
| | 745 | | | | | | | x | x |
| | 746 | | | | | | | x | x |
| | 747 | | | | | | | x | x |
| | 748 | | | x | | | | x | x |
| | 749 | | | x | x | | | x | x |
| | 750 | | | x | x | | | x | x |
| Handwritten notes from a third party interview | 754 | | | x | x | x | | | x |
| Documents utilized during the interview of a third party | 755 | x | | x | x | | | | x |
| | 756 | | | x | | | | | x |
| Other Government Agency Information | 757 | | | | x | x | | | x |
| | 759 | | | | x | | | | x |
| Other Government Agency Information | 760 | x | | | | | | | x |
| | 761 | | | | x | | | | x |
| Handwritten notes from a third party interview | 762 | x | | x | x | x | | x | x |
| | 763 | | | | x | | | x | x |
| | 764 | | x | | | | | x | x |
| FD-302 form documenting interview of a third party | 824 | x | | x | x | x | | x | x |

18

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WtF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| FD-302 form documenting interview of a third party | 825 | x | | | | | | | x |
| | 826 | | | | x | x | | | x |
| | 827 | | | | | | | | x |
| | 828 | | | x | x | | | | x |
| | 829 | | | | | | | | x |
| | 830 | | | x | x | | | | x |
| | 831 | | | | | | | | x |
| | 832 | | | x | x | | | | x |
| | 833 | | | | | | | | x |
| | 834 | | | x | x | | | | x |
| | 835 | | | | | | | | x |
| | 836 | | | x | x | | | | x |
| Handwritten notes from a third party interview | 837 | x | | | | x | | | x |
| | 838 | | | x | x | | | | x |
| | 839 | | | x | x | | | | x |
| | 840 | | | x | x | | | | x |
| | 841 | | | x | x | | | | x |
| | 842 | | | x | x | | | | x |
| | 843 | | | x | x | | | | x |
| | 844 | | | x | x | | | | x |
| | 845 | | | x | x | | | | x |
| | 846 | | | x | x | | | | x |
| | 847 | | | x | x | | | | x |
| | 848 | | | x | x | | | | x |
| | 849 | | | x | x | | | | x |
| | 850 | | | x | x | | | | x |
| | 851 | | | x | x | | | | x |
| | 852 | | | x | x | | | | x |
| | 853 | | | x | x | | | | x |
| Documents utilized during the interview of a third party | 854 | | x | x | x | | | x | x |
| | 855 | | x | x | x | | | x | x |
| | 856 | | x | x | x | | | x | x |
| | 857 | | | x | x | | | x | x |
| | 858 | | | x | x | | | x | x |
| | 859 | | | x | x | | | x | x |
| | 860 | | x | x | x | | | x | x |
| | 861 | | | x | x | | | | x |
| | 862 | | x | x | x | | | x | x |

19

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WtF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Documents utilized during the interview of a third party Cont. | 863 | | | x | | | | x | x |
| | 864 | | | | x | | | x | x |
| | 865 | | | x | x | | | x | x |
| | 866 | | | | x | | | x | x |
| | 867 | | | x | x | | | x | x |
| | 868 | | | | x | | | x | x |
| | 869 | | x | | x | | | x | x |
| | 870 | | x | x | x | | | x | x |
| | 871 | | x | x | x | | | x | x |
| | 872 | | x | x | x | | | x | x |
| | 873 | | x | x | | | | x | x |
| | 874 | | x | x | | | | x | x |
| | 875 | | | | | | | x | x |
| | 876 | | | x | x | | | x | x |
| | 877 | | | x | x | | | x | x |
| Handwritten notes utilized during the interview of a third party | 878 | | | x | x | | | x | x |
| | 879 | | | x | x | | | x | x |
| | 880 | | | x | x | | | x | x |
| | 881 | | | x | x | | | x | x |
| | 882 | | | x | x | | | x | x |
| | 883 | | | x | x | | | x | x |
| | 884 | | | x | x | | | x | x |
| | 885 | | | | x | | | x | x |
| | 886 | | | x | x | x | | x | x |
| | 887 | | | x | x | x | | x | x |
| Documents utilized during the interview of a third party | 888 | | | x | x | x | | x | x |
| | 889 | | | x | x | | | x | x |
| | 890 | | | x | x | | | x | x |
| | 891 | | | | x | | | x | x |
| | 892 | | | x | x | | | x | x |
| | 893 | | | x | x | | | x | x |
| | 894 | | | x | x | | | x | x |
| | 895 | | | x | x | | | x | x |
| | 896 | | | x | x | | | x | x |
| | 897 | | | x | x | | | x | x |
| FD-302 documenting execution of a Search Warrant | 919 | x | x | | | | | | x |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Email executing Search Warrant | 920 | x | x | | | | | | x |
| | 921 | x | x | | | | | | x |
| Sealed Search Warrant and Non-Disclosure Order and Attachment | 923 | | x | | | | | | x |
| | 925 | | x | | | | | x | x |
| | 926 | x | x | | | | | | x |
| | 927 | | x | | | | | | x |
| | 929 | | x | | | | | | x |
| | 930 | | x | | | | | | x |
| | 932 | | x | | | | | | x |
| | 933 | | | x | | | | | x |
| | 934 | | x | | | | | | x |
| | 935 | | x | | | | | x | x |
| | 936 | | x | | | | | x | x |
| | 937 | | x | x | | | | x | x |
| | 938 | | x | x | | | | | x |
| | 939 | | x | x | | | | | x |
| | 940 | | x | | | | | | x |
| | 941 | | x | | | | | | x |
| | 942 | | x | | | | | | x |
| Sealed Agent Affidavit in support of Application for Search Warrant | 945 | | x | | | | | | x |
| | 946 | | x | | | | | | x |
| | 947 | | x | | | | | | x |
| | 948 | | x | | x | | | | x |
| | 949 | | x | | | | | | x |
| | 950 | | x | | | | | | x |
| | 955 | | x | | | | | | x |
| | 958 | | x | | | | | | x |
| | 959 | | x | | | | | | x |
| | 960 | | x | x | x | | | x | x |
| | 961 | | x | x | | | | | x |
| | 962 | | x | | | | | | x |
| | 964 | | x | | x | | | | x |
| | 965 | | x | | | | | | x |
| | 966 | | x | | | | | | x |
| | 967 | | x | | | | | | x |
| | 968 | | x | | | | | | x |
| | 969 | | x | | | | | | x |
| | 970 | x | | | | | | | x |

21

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| FD-302 documenting execution of Search Warrant | 971 | x | | | | | | | x |
| Email executing Search Warrant | 972 | x | x | | | | | | x |
| Sealed Search Warrant and | 973 | x | x | | | | | | x |
| | 975 | | x | | | | | | x |
| Non-Disclosure Order and | 978 | | x | | | | | x | x |
| Attachment | 979 | | x | | | | | x | x |
| | 980 | x | | | | | | | x |
| | 981 | | x | | | | | | x |
| | 982 | | x | | | | | | x |
| | 983 | | x | | | | | | x |
| | 990 | | x | | | | | | x |
| | 991 | | x | x | | | | | x |
| | 992 | | x | | | | | | x |
| | 993 | | x | x | | | | | x |
| | 994 | | x | | | | | x | x |
| | 995 | | x | x | | | | | x |
| | 996 | | x | | | | | x | x |
| | 997 | | x | x | | | | | x |
| | 998 | | x | | | | | x | x |
| | 999 | | x | | | | | | x |
| | 1002 | | x | | | | | | x |
| | 1003 | | x | | | | | | x |
| | 1004 | | x | | | | | | x |
| Sealed Agent Affidavit in support of Application for Search Warrant | 1005 | | x | | x | | | | x |
| | 1006 | | x | | | | | | x |
| | 1007 | | x | | | | | | x |
| | 1012 | | x | | | | | | x |
| | 1015 | | x | | | | | | x |
| | 1016 | | x | | | | | | x |
| | 1017 | | x | x | | | | x | x |
| | 1018 | | x | x | | | | | x |
| | 1019 | | x | | | | | | x |
| | 1021 | | x | | x | | | | x |
| | 1022 | | x | | | | | | x |
| | 1023 | | x | | | | | x | x |
| | 1024 | | x | | | | | x | x |
| | 1025 | | x | | | | | x | x |
| | 1026 | | x | | | | | | x |

22

| Document/Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WiF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Sealed Agent Affidavit in support of Application for Search Warrant Cont. | 1027 | | x | | | | | | x |
| | 1028 | | x | | | | | x | x |
| | 1030 | | x | | | | | | |
| | 1031 | x | | | | | | | x |
| FD-302 documenting execution of Search Warrants | 1032 | x | x | | | | x | | x |
| | 1033 | x | x | | | | | | x |
| | 1034 | | x | | | x | | | x |
| | 1035 | | x | | | x | | | x |
| Sealed Search and Seizure Warrant and Attachments | 1036 | | x | | | | | | x |
| | 1037 | | x | | | | | | x |
| | 1038 | | x | | | | | x | x |
| | 1039 | | x | | | | | | x |
| | 1045 | x | x | | | x | | | x |
| | 1046 | x | x | | | | | | x |
| | 1047 | x | x | | | | | | x |
| | 1048 | x | | | | | | | x |
| | 1049 | x | | | | | | | x |
| | 1050 | x | | | | | | | x |
| | 1051 | | x | | | | | | x |
| | 1052 | | x | | | | | | x |
| | 1053 | | x | | | | | | x |
| | 1054 | | x | | | | | | x |
| | 1057 | | x | | | | | | x |
| | 1059 | | x | | | | | | x |
| Sealed Application for Search Warrant and Attachments | 1060 | | x | | | | | | x |
| | 1064 | | x | | | | | | x |
| | 1065 | | x | | | | | | x |
| | 1066 | | x | | | | | | x |
| | 1068 | | x | | | | | | x |
| | 1071 | | x | | | | | | x |
| | 1072 | | x | | | | | | x |
| | 1074 | | x | | | | | | x |
| | 1075 | | x | | | | | | x |
| | 1081 | | x | | | | | | x |
| | 1082 | | x | | | | | | x |
| | 1083 | | x | | | | | | x |
| | 1084 | | x | | | | | | x |
| | 1085 | | x | | | | | | x |
| | 1089 | | x | | | | | | x |
| | 1090 | | x | | | | | | x |

23

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WiF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Sealed Application for Search Warrant and Attachments Cont. | 1092 | | x | | | | | | x |
| | 1098 | | x | | | | | | x |
| | 1099 | x | x | | | | | | x |
| Sealing Order for Search Warrant and Application | 1109 | | x | | | x | | | x |
| | 1110 | | | | | x | | | x |
| Sealed Search and Seizure Warrant and Attachments | 1111 | | x | | | x | | | x |
| | 1112 | | x | | | x | x | | x |
| | 1113 | | x | | | | | | x |
| Sealed Application for Search Warrant and Attachments | 1122 | x | x | | | x | | | x |
| Sealing Order for Search Warrant and Application | 1186 | | x | | | x | | | x |
| | 1187 | | | | | x | | | x |
| FD-302 form documenting interview of a third party | 1188 | x | | | x | | | | x |
| | 1189 | | | x | x | x | | | x |
| | 1190 | | | x | x | | | | x |
| | 1191 | | | x | x | | | | x |
| | 1192 | | | x | x | | | | x |
| | 1193 | | | x | x | | | | x |
| | 1196 | | | | x | | | | x |
| | 1202 | | | x | x | | | | x |
| Documents utilized during the interview of a third party | 1203 | | x | x | x | | | x | x |
| | 1204 | | x | x | x | | | | x |
| | 1210 | | | x | | | | | x |
| | 1211 | | | x | | | | | x |
| | 1212 | | | x | | | | | x |
| | 1213 | x | | x | | x | | | x |
| | 1214 | | | x | | | | | x |
| Handwritten notes from a third party interview | 1215 | | | x | | | | x | x |
| | 1216 | | | x | | | | | x |
| | 1217 | | | x | | | | | x |
| | 1218 | | | x | | | | | x |
| | 1219 | | | x | | | | | x |
| | 1220 | | | x | | | | x | x |
| | 1221 | x | | x | | | | | x |
| FD-302 documenting execution of a Search Warrant | 1222 | | x | | | | | | x |
| | 1223 | | x | | | | | | x |
| | 1224 | | x | | | | | | x |
| | 1225 | | x | | | | | | x |

24

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WH by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| FD-1057 documenting items seized from Search Warrant | 1226 | x | | | | | | | x |
| FD-302 documenting execution of a Search Warrant | 1228 | x | x | x | | | | | x |
| | 1229 | | x | x | | | | | x |
| FD-302 documenting execution of a Search Warrant and Attachment | 1230 | x | x | | | | | | x |
| | 1231 | x | x | | | | | | x |
| | 1232 | x | x | | | | | x | x |
| FD-302 documenting execution of a Search Warrant | 1233 | x | x | | | | | | x |
| | 1234 | | x | | | | | | x |
| FD-302 documenting execution of a Search Warrant | 1235 | x | x | x | | | | | x |
| | 1236 | x | | | | | | | x |
| | 1237 | x | x | | | x | | | x |
| | 1238 | | | x | | | | | x |
| | 1239 | | x | x | | | | | x |
| | 1240 | | x | x | | | | | x |
| | 1241 | | x | x | | | | | x |
| | 1242 | | x | x | | | | | x |
| Handwritten notes from interview of Michael Cohen on 10/8/2018 pursuant to a proffer agreement | 1243 | | x | x | | | | | x |
| | 1244 | | x | x | | | | x | x |
| | 1245 | | x | x | | | | | x |
| | 1246 | | x | x | | | | | x |
| | 1247 | | x | x | | | | | x |
| | 1248 | | x | x | | | | | x |
| | 1249 | | x | x | | | | | x |
| | 1250 | | x | x | | | | | x |
| | 1251 | | | x | | | | | x |
| | 1252 | | x | x | | | | x | x |
| | 1253 | | x | x | | | | x | x |
| | 1254 | | x | x | | | | x | x |
| Documents utilized during the interview of Michael Cohen on 10/8/2018 pursuant to a proffer agreement | 1255 | | x | x | | | | x | x |
| | 1256 | | x | x | | | | x | x |
| | 1257 | | x | x | | | | x | x |
| | 1258 | | x | x | | | | x | x |
| | 1259 | | x | x | | | | x | x |
| | 1260 | | x | x | | | | x | x |
| | 1261 | | x | x | | | | x | x |
| | 1262 | | x | x | | | | x | x |

25

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Documents utilized during the interview of Michael Cohen on 10/8/2018 pursuant to a proffer agreement Cont. | 1263 | | x | x | x | | | | x |
| | 1264 | | x | x | x | | | | x |
| | 1265 | | x | x | x | | | x | x |
| | 1266 | | x | x | x | | | | x |
| | 1267 | | x | x | x | | | x | x |
| | 1268 | | x | x | x | | | | x |
| | 1269 | | x | x | x | | | x | x |
| | 1270 | | | x | | | | | x |
| | 1271 | | | | | | | | x |
| | 1275 | | x | x | | | | x | x |
| | 1276 | | x | x | | | | x | x |
| | 1277 | | x | x | x | | | x | x |
| | 1278 | | | x | | | | | x |
| | 1279 | | x | x | | | | | x |
| | 1280 | | x | x | | | | | x |
| | 1281 | | x | x | | | | | x |
| | 1282 | | x | x | | | | | x |
| | 1283 | | x | x | | | | | x |
| Handwritten notes from a third party interview | 1284 | | x | x | x | | | | x |
| | 1285 | | x | x | x | | | x | x |
| | 1286 | | x | x | x | | | x | x |
| | 1287 | | x | x | | | | | x |
| | 1288 | | x | x | | | | | x |
| | 1289 | | x | x | | | | | x |
| | 1290 | | x | x | | | | | x |
| | 1291 | | | x | | | | | x |
| | 1292 | | x | x | | | | x | x |
| | 1293 | | x | x | | | | x | x |
| | 1294 | | x | x | | | | x | x |
| | 1295 | | x | x | | | | | x |
| | 1301 | | x | x | | | | | x |
| Documents utilized during the interview of a third party | 1302 | | x | x | | | | x | x |
| | 1303 | | x | x | | | | | x |
| | 1304 | | x | x | | | | | x |
| | 1305 | | x | | | | | | x |
| | 1306 | | x | | | | | x | x |
| | 1307 | | x | x | | | | x | x |
| | 1308 | | x | x | | | | x | x |
| | 1309 | | | x | | | | | x |
| FD-302 documenting items seized pursuant to Search Warrant | 1313 | x | x | x | | | | | x |

26

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Sealed Search and Seizure Warrant and Attachment | 1314 | | x | | | | | | x |
| | 1316 | | x | | | | | | x |
| | 1317 | | | | | | | | x |
| | 1318 | | | | x | | | x | x |
| | 1319 | | | | x | | | x | x |
| | 1320 | | | | x | | | x | x |
| | 1321 | | | | | | | x | x |
| | 1322 | | | x | x | | | x | x |
| | 1323 | | | x | x | | | x | x |
| | 1324 | | | | x | | | x | x |
| Documents utilized during the interview of a third party | 1325 | | | x | x | x | | x | x |
| | 1326 | | | x | x | | | x | x |
| | 1327 | | | x | x | | | x | x |
| | 1328 | | | x | | | | x | x |
| | 1329 | | | | x | | | x | x |
| | 1330 | | | | | | | x | x |
| | 1331 | | | | | | | x | x |
| | 1332 | | | | | | | x | x |
| | 1333 | | | | | | | x | x |
| | 1334 | | | x | | | | x | x |
| | 1335 | | | | | | | x | x |
| | 1336 | | x | | | | | x | x |
| | 1337 | | x | x | | | | x | x |
| | 1338 | | x | x | x | | | x | x |
| | 1339 | | x | x | x | | | x | x |
| | 1340 | | x | x | x | | | x | x |
| | 1341 | | x | x | x | | | x | x |
| | 1342 | | x | x | x | | | x | x |
| | 1343 | | x | x | x | | | x | x |
| Documents utilized during the interview of a third party | 1344 | | x | x | x | | | x | x |
| | 1345 | | x | | x | | | x | x |
| | 1346 | | | x | | | | x | x |
| | 1347 | | | x | | | | x | x |
| | 1348 | | x | | x | | | x | x |
| | 1349 | | x | | x | | | x | x |
| | 1350 | | x | | | | | x | x |
| | 1351 | | x | | | | | x | x |
| | 1352 | | x | | x | | | x | x |
| | 1353 | | x | | | | | x | x |
| | 1354 | | x | x | | | | x | x |

27

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | W/H by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| **SNDY Now Production** | | | | | | | | | |
| Sealed Search and Seizure Warrant and Attachment | 1355 | | x | | | | | | x |
| | 1357 | | x | | | | | | x |
| | 1358 | | x | | | | | | x |
| Sealed Search and Seizure Warrant | 1359 | | x | | | | | | x |
| Sealed Application for Search and Seizure Warrant | 1363 | x | x | | | | | | x |
| | 1364 | x | x | | | | | | x |
| | 1365 | | x | | | | | | x |
| | 1366 | | x | | | | | | x |
| | 1367 | | x | | | | | | x |
| | 1368 | | x | | | | | | x |
| | 1373 | | x | | | | | | x |
| Sealed Agent Affidavit in support of Application for Search Warrant | 1387 | | x | | | | | | x |
| | 1388 | | x | | | | | | x |
| | 1389 | | x | | | | | | x |
| | 1390 | | x | | | | | | x |
| | 1393 | | x | | | | | | x |
| | 1394 | | x | | | | | | x |
| | 1396 | | x | | | | | | x |
| | 1397 | x | | | | | | | x |
| | 1400 | | x | x | | | | | x |
| Sealed Application for Search and Seizure Warrant | 1402 | x | x | | | | | | x |
| Sealed Agent Affidavit in support of Application for Search Warrant | 1436 | x | | | | | | | x |
| Sealed Court Sealing Order | 1441 | x | | | | | | | x |
| Sealed Application for Search Warrant | 1443 | x | x | | | | | | x |
| | 1445 | x | x | | | | | | x |
| Sealed Agent Affidavit in support of Application for Search Warrant | 1446 | x | x | | | | | | x |
| | 1448 | x | x | | | | | | x |
| | 1449 | | x | x | | | | | x |
| | 1450 | | x | x | | | | | x |

28

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Sealed Agent Affidavit in support of Application for Search Warrant Cont. | 1451 | | x | | | | | | x |
| | 1452 | | x | | | | | | x |
| | 1453 | | x | | | | | | x |
| | 1454 | | x | | | | | | x |
| | 1455 | x | | | | | | | x |
| Sealed Application for Warrant | 1459 | | x | | | | | x | x |
| | 1466 | | x | | | | | x | x |
| | 1467 | | x | | | | | x | x |
| | 1468 | | x | | | | | x | x |
| | 1470 | | x | | | | | x | x |
| | 1471 | | x | | | | | x | x |
| | 1473 | | x | | | | | x | x |
| | 1474 | | x | x | | | | x | x |
| | 1475 | | x | x | | | | x | x |
| | 1476 | | x | x | | | | x | x |
| Sealed Agent Affidavit in support of Warrant | 1477 | | x | x | | | | x | x |
| | 1478 | | x | x | | | | x | x |
| | 1479 | | x | x | | | | x | x |
| | 1481 | | x | | | | | x | x |
| | 1482 | | x | x | | | | x | x |
| | 1483 | | x | | | | | x | x |
| | 1484 | | x | x | | | | x | x |
| | 1485 | | x | x | | | | x | x |
| | 1486 | | x | x | | | | x | x |
| | 1487 | | x | x | | | | x | x |
| | 1488 | | x | x | | | | x | x |
| | 1489 | | x | x | | | | x | x |
| Warrant Sealing and Non-Disclosure Order | 1492 | | x | | | | | x | x |
| Warrant Sealing and Non-Disclosure Order | 1497 | | x | | | | | x | x |
| Warrant Sealing and Non-Disclosure Order | 1532 | | x | | | | | x | x |
| Warrant Sealing and Non-Disclosure Order | 1537 | | x | | | | | x | x |
| SNDY Dec Production | | | | | | | | | |
| Sealed Application for Search Warrant | 1546 | x | x | | | | | | x |
| Sealed Application for Warrant | 1588 | | x | | | | | | x |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| Sealed Agent Affidavit in support of Application for Warrant | 1593 | x | | | | | | | x |
| | 1594 | | x | | | | | | x |
| | 1596 | | x | | | | | | x |
| | 1597 | | x | | | | | | x |
| | 1598 | x | | | | | | | x |
| Warrant Sealing and Non-Disclosure Order | 1599 | | x | | | | | x | x |
| Sealed Agent Affidavit in support of Application for Search Warrant | 1604 | x | x | | | | | | x |
| | 1643 | x | | | | | | | x |
| OIP Direct Referral | | | | | | | | | |
| Sealed Agent Affidavit in support of Application for Search Warrant | 1648 | x | x | | | | | | x |
| | 1649 | | x | | | | | | x |
| | 1657 | | x | | | | | | x |
| | 1658 | | x | | | | | | x |
| | 1659 | | x | x | | | | | x |
| | 1660 | | x | | | | | | x |
| | 1661 | | x | | | | | | x |
| | 1662 | | x | | | | | | x |
| | 1663 | | x | | | | | | x |
| | 1664 | | x | | | | | | x |
| | 1665 | x | | | | | | | x |
| | 1667 | x | x | | | | | | x |
| | 1668 | | x | | | | | | x |
| | 1669 | | x | | | | | | x |
| | 1671 | | x | | | | | | x |
| | 1672 | | x | | | | | | x |
| | 1673 | | x | | | | | | x |
| | 1674 | | | | x | | | | x |
| | 1675 | | | | x | | | | x |
| Sealed Agent Affidavit in support of Application for Search Warrant | 1676 | | | | x | | | | x |
| | 1677 | | | | x | | | | x |
| | 1678 | | x | | | | | | x |
| | 1679 | | | x | x | | | | x |
| | 1680 | | | x | | | | | x |
| | 1681 | | | x | x | | | | x |
| | 1682 | | | | x | | | | x |
| | 1683 | | | x | | | | | x |
| | 1684 | | | x | | | | | x |
| | 1685 | | | x | | | | | x |
| | 1686 | | x | x | | | | | x |
| | 1687 | | | | x | | | | x |

30

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | 6/7C 6 | WIF by FBI Exemptions | Referral Direct |
|---|---|---|---|---|---|---|---|---|---|
| | 1688 | | x | x | x | | | | x |
| | 1689 | | x | x | | | | | x |
| | 1690 | | x | | | | | | x |
| | 1691 | | x | | | | | | x |
| | 1692 | | x | | | | | | x |
| | 1693 | | x | | | | | | x |
| | 1694 | | x | | | | | | x |
| Sealed Agent Affidavit in | 1695 | | x | x | | | | | x |
| support of Application for | 1696 | | x | | | | | | x |
| Search Warrant Cont. | 1697 | | x | | | | | | x |
| | 1698 | | x | x | | | | | x |
| | 1699 | | x | | | | | | x |
| | 1700 | | x | | | | | | x |
| | 1701 | | x | | | | | | x |
| | 1702 | | x | | | | | | x |
| | 1703 | | x | | | | | | x |
| | 1705 | | x | | | | | | x |
| | 1706 | x | | | | | | | x |

19-cv-2267

Page Disposition Totals

## Page Disposition Totals

**Total: 1112**
 WIF: 1112
  • Referral Direct:                                                1112

B-32

• FD-302s: FD-302s are internal FBI forms in which evidence is often documented, usually the results of FBI interviews. Such evidence and/or interview information may later be used as testimony or evidence in court proceedings/trials. Additionally, these evidence/interview forms are often incorporated in other FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts.
• Electronic Communications (ECs)/ FD-1057s: ECs replaced the traditional FBI correspondence (i.e., Memoranda and Letters) as the primary vehicle of correspondence within the FBI. The purpose of an EC is to communicate within the FBI in a consistent format that can be uploaded by the originating Division or office, transmitted, and downloaded by recipient Divisions or offices within the FBI's internal computer network. These forms are often utilized to record and disseminate
• FD-515s: These are forms used by FBI SAs to report investigative accomplishments such as the recovery of stolen person to another within an FBI field office. They serve to assist in the overall supervision of a case by summarizing pertinent details of an investigation.
Confidential Human Sources ("CHS"). This CHS provided information may later be used as testimony or evidence in court proceedings/trials. Additionally, this information can be incorporated in other FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts.
• FBI Letters: The FBI letter is the formal correspondence format used to communicate with non-FBI entities, including but not limited to, other federal agencies, other non-federal law enforcement agencies, commercial businesses, and/or private citizens. Its format is identical to business letters utilized by commercial agencies, except that it contains the FBI Seal at the
• Sentinel Leads: These are investigative directives, disseminated internally between FBI personnel, through Sentinel.
• Teletypes: Teletypes are an electronic means of disseminating law enforcement/intelligence information between FBI field offices, FBIHQ and the United States intelligence and law enforcement agencies.

coordination and investigation administration.
This information can be incorporated in FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts
• Electronic Mail Messages (E-mails): These documents consist of E-mails between FBI personnel, between FBI personnel and private citizens/corporations, between FBI personnel and Other Government Agency (OGA) perssonnel, and/or between
• FD-1054, 1055 and other Surveillance Logs: These types of documents are utilized to document physical surveillance ("FISUR") of investigative subjects. These surveillance logs include subjects/activities of subjects observed, the times these observations occurred, and the FBI personnel conducting the FISUR. These surveillance logs are often used as evidence, are incorporated in other FBI documents which disseminate intelligence/investigative information, and are utilized to set leads in
• FD-340 - 1A Envelopes: These envelopes are used to organize and store documents that need to be stored separately from the FBI file to which they are attached, due to their size. They usually contain handwritten notes of interviews, photographs,
• Court Documents: These are documents that have been filed with a court or otherwise made part of the court record.
• Handwritten Interview Notes: These are the original handwritten notes of FBI personnel who conducted interviews in the course of FBI investigations. These notes are almost always transposed into FD-302s and are utilized by the FBI in the same
• Other Evidentiary Documents: This category consists of any evidentiary documents gathered during the course of FBI investigations. The information in these documents is often incorporated in other FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts.
• State and Local Law Enforcement Documents: This category consists of documents provided to the FBI by state and local law enforcement agencies. These documents can be used as evidence in court proceedings, are often incorporated in other FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's
• Internal Electronic Mail Messages (E-mails): These documents consist of E-mails between FBI personnel discussing
• FBI Records Checks: These documents are printout of queries of internal FBI databases. These documents are often incorporated in other FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads
• Miscellaneous Administrative Documents: This category consists of all informal, internal documents utilized to administer FBI coordination and investigation administration.
case administrative system, Sentinel.
• Teletypes: Teletypes are an electronic means of disseminating law enforcement/intelligence information between FBI field offices, FBIHQ and the United States intelligence and law enforcement agencies.
• Sentinel Leads: These are investigative directives, disseminated internally between FBI personnel, through Sentinel.
• Photographs: This category consists of photographs taken and or collected in the course of the FBI investigations. enforcement operations. These forms document operation specifics, including objectives, suspects/targets, dates, times, equipment used, safety precautions, and the FBI/law enforcement personnel involved.
• FD-704 Payment Requests: FD-704s are used to request payment to implement particular techniques or reimburse FBI units/squads/employees who their own funds to implement particular techniques.

• Documents Implementing Sensitive Investigative Technique:  These documents were utilized to implement a specific, sensitive, investigative technique.  Describing these documents further would reveal this technique or sensitive data concerning enforcement operations.  These forms document operation specifics, including objectives, suspects/targets, dates, times, equipment used, safety precautions, and the FBI/law enforcement personnel involved.

• FD-941 – Consent to Search Forms:  These documents were provided to and signed by individuals who consented to FBI searches of their persons/property.

• FD-5 Serial Charge Outs:  These are administrative documents that explain why certain serials have been removed/replaced

• Interview Audio/Video:  This category consists of audio/video recordings of interviews.  Like FD-302s, this information may later be used as testimony or evidence in court proceedings/trials.  Additionally, the results of these interviews are often incorporated in other FBI documents which disseminate intelligence/investigative information, and are utilized to set leads in

• FD-472 Consent to Monitor:  These forms are signed by individuals to document their consent to the FBI monitoring their

• FBI Translations:  These are translations of foreign language documents, conducted by FBI linguists.  This information can be used as evidence in court proceedings, can be incorporated in FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts.

• Foreign Government Information:  These are documents that were provided to the FBI by foreign governments.  This information within these documents can be incorporated in FBI documents which disseminate intelligence/investigative

Document RIF


Duplicate Document

*AMERICAN OVERSIGHT v. DOJ*

19-cv-8215

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## *Vaughn* Index

### SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES

| CODED CATEGORIES | INFORMATION WITHHELD |
|---|---|
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and Identifying Data of Third Parties of Investigative Interest |
| (b)(6)-2 and (b)(7)(C)-2 | Names and Identifying Information of FBI Special Agents and Professional Staff |
| (b)(6)-3 and (b)(7)(C)-3 | Names and Identifying Information of Non-FBI Federal Government Personnel |
| (b)(6)-4 and (b)(7)(C)-4 | Names and Identifying Information of Third Parties Merely Mentioned |
| (b)(6)-5 and (b)(7)(C)-5 | Names and Identifying Information of Third Parties who Provided Information |

### INDEX KEY

RIP: Released in Part

WIF by DOJ/ EOUSA: Withheld in full pursuant to DOJ/EOUSA (SDNY)

### FBI DOCUMENT TYPES

• FD-302s: FD-302s are internal FBI forms in which evidence is often documented, usually the results of FBI interviews.  Such evidence and/or interview information may later be used as testimony or evidence in court proceedings/trials.  Additionally, these evidence/interview forms are often incorporated in other FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts.

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | RIP | WIF by DOJ/ EOUSA (SDNY) |
|---|---|---|---|---|---|---|---|---|
| FD-302 interview of Michael Cohen on 10/8/2018 pursuant to a proffer agreement | 1 | x |  |  |  |  |  |  |
|  | 2 | x |  |  |  |  | x |  |
|  | 3 |  |  |  |  |  | x |  |
|  | 4 |  |  |  | x | x | x |  |
|  | 5 | x |  |  | x | x | x |  |
|  | 6 |  |  |  | x | x | x |  |
|  | 7 |  |  |  | x | x | x |  |
|  | 8 |  |  |  | x | x | x |  |
|  | 9 |  |  |  | x | x | x |  |
|  | 10 |  |  |  | x | x | x |  |
|  | 11 |  |  |  | x | x | x |  |
|  | 12 |  |  |  | x | x | x |  |
|  | 13 |  |  |  | x | x |  |  |
| FD-302 form documenting interview of a third party | 14 |  | x | x | x | x |  | x |
|  | 15 |  |  |  | x | x |  | x |
|  | 16 | x |  |  | x | x |  | x |
|  | 17 | x |  |  | x |  |  | x |
|  | 18 | x |  |  |  | x |  | x |
|  | 19 | x |  |  |  | x |  | x |
|  | 20 | x |  |  |  | x |  | x |
|  | 21 | x |  |  |  | x |  | x |
|  | 22 |  |  |  |  | x |  | x |
| FD-302 interview of Keith Davidson on 08/03/2018 pursuant to a proffer agreement | 23 |  | x | x |  | x | x |  |
|  | 24 |  |  |  | x | x | x |  |
|  | 25 |  |  |  | x | x | x |  |
|  | 26 |  |  |  |  | x | x |  |
|  | 27 |  |  |  |  | x | x |  |
|  | 28 |  |  |  |  | x | x |  |
|  | 29 |  | x | x |  |  | x |  |
| FD-302 interview of Keith Davidson on 06/04/2018 pursuant to a proffer agreement | 30 |  |  |  | x | x | x |  |
|  | 31 |  |  |  | x | x | x |  |
|  | 32 |  |  |  | x | x | x |  |
|  | 33 |  |  |  | x | x | x |  |
|  | 34 |  |  |  | x | x | x |  |
|  | 35 |  |  |  |  | x | x |  |
|  | 36 |  |  |  | x | x | x |  |
|  | 37 |  |  |  | x | x | x |  |
|  | 38 |  |  |  |  | x | x |  |

2

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | RIP | WIF by DOJ/EOUSA (SDNY) |
|---|---|---|---|---|---|---|---|---|
| FD-302 interview of Keith Davidson on 06/04/2018 Cont. | 39 | | | | | x | x | |
| | 40 | | | | x | x | x | |
| | 41 | | | | x | x | x | |
| | 42 | | | | | x | x | |
| FD-302 form documenting interview of a third party | 43 | | x | | | x | | x |
| | 44 | x | | | x | x | | x |
| | 45 | x | | x | | x | | x |
| | 46 | x | | | x | x | | x |
| | 47 | x | | | x | x | | x |
| FD-302 interview of John Gauger on 07/09/2018 | 48 | | | x | x | x | | x |
| | 49 | | | | x | x | | x |
| | 50 | | | | x | x | | x |
| | 51 | | | | x | x | | x |
| | 52 | | | | x | x | | x |
| | 53 | | | | | x | | x |
| FD-302 form documenting interview of a third party | 54 | | x | | | x | | x |
| | 55 | | | | | x | | x |
| FD-302 form documenting interview of a third party | 56 | | x | x | x | x | | x |
| | 57 | | x | x | x | x | | x |
| | 58 | | | | x | x | | x |
| | 59 | | | | x | x | | x |
| | 60 | | | | x | x | | x |
| | 61 | | | | x | x | | x |
| | 62 | | | | x | x | | x |
| | 63 | | | | x | x | | x |
| | 64 | | | | | x | | x |
| | 65 | | | | x | x | | x |
| | 66 | | | | x | x | | x |
| | 67 | | | | | x | | x |
| | 68 | | | | x | x | | x |
| | 69 | | | | x | x | | x |
| | 70 | | | | x | x | | x |
| | 71 | | | | | x | | x |
| | 72 | | | | x | x | | x |
| | 73 | | | | | x | | x |
| | 74 | | | | | x | | x |

3

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | RIP | WIF by DOJ/ EOUSA (SDNY) |
|---|---|---|---|---|---|---|---|---|
| FD-302 form documenting interview of a third party Cont. | 75 | | | | | | | x |
| | 76 | | | | x | x | | x |
| | 77 | | | | | x | | x |
| | 78 | | | x | | x | | x |
| | 79 | | x | | | x | | x |
| FD-302 form documenting interview of a third party | 80 | | x | | x | x | | x |
| | 81 | | | | x | x | | x |
| FD-302 form documenting interview of a third party | 82 | | x | | x | x | | x |
| | 83 | | | x | x | x | | x |
| | 84 | | | | x | x | | x |
| | 85 | | | | x | | | x |
| | 86 | | | | | x | | x |
| FD-302 form documenting interview of a third party | 87 | | | | | x | | x |
| | 88 | | | | | x | | x |
| | 89 | | | | | | | x |
| | 90 | | | | x | | | x |
| | 91 | | | | | x | | x |
| | 92 | | | | | x | | x |
| | 93 | | | | x | x | | x |
| FD-302 form documenting interview of a third party | 94 | | x | | x | x | | x |
| | 95 | | | x | | x | | x |
| FD-302 form documenting interview of a third party | 96 | | x | | x | x | | x |
| | 97 | | | | x | x | | x |
| | 98 | | | | x | x | | x |
| | 99 | | | | x | x | | x |
| FD-302 form documenting interview of a third party | 100 | | | | x | x | | x |
| | 101 | | | | x | x | | x |
| | 102 | | | | x | x | | x |
| | 103 | | | | x | x | | x |
| | 104 | | | | x | x | | x |
| | 105 | | | | x | x | | x |
| | 106 | | | | x | x | | x |

4

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | RIP | WIF by DOJ/ EOUSA (SDNY) |
|---|---|---|---|---|---|---|---|---|
| FD-302 form documenting interview of a third party | 107 | | | | x | x | | x |
| | 108 | | | x | x | x | | x |
| | 109 | | | | x | x | | x |
| | 110 | | | | x | x | | x |
| | 111 | | | | | x | | x |
| | 112 | | | | x | x | | x |
| FD-302 form documenting interview of a third party | 113 | | x | x | x | x | | x |
| | 114 | | | | x | x | | x |
| | 115 | | | | x | x | | x |
| | 116 | | | | | x | | x |
| | 117 | | | | | x | | x |
| FD-302 form documenting interview of a third party | 118 | | x | x | x | x | | x |
| | 119 | | | | x | x | | x |
| | 120 | | | | x | x | | x |
| | 121 | | | | | x | | x |
| | 122 | | | | x | x | | x |
| | 123 | | | | x | x | | x |
| | 124 | | | | x | x | | x |
| | 125 | | | | x | x | | x |
| | 126 | | | | | x | | x |
| | 127 | | | | | x | | x |
| | 128 | | | | | x | | x |
| FD-302 interview on 5/25/2018 of Keith Davidson at the U.S. Attorney's Office pursuant to a Proffer Agreement | 129 | | x | x | x | x | x | |
| | 130 | | | | x | x | x | |
| | 131 | | | | x | x | x | |
| | 132 | | | | | x | x | |
| | 133 | | | | | x | x | |
| | 134 | | | | x | x | x | |
| | 135 | | | | | x | x | |
| | 136 | | | | | x | x | |
| | 137 | | | | | x | x | |
| | 138 | | | | x | x | x | |
| | 139 | | | | | x | x | |
| | 140 | | | | x | x | x | |
| | 141 | | | | x | x | x | |
| | 142 | | | | x | x | x | |
| | 143 | | | | x | x | x | |

5

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | RIP | WtF by DOJ/ EOUSA (SDNY) |
|---|---|---|---|---|---|---|---|---|
| FD-302 interview on 5/25/2018 Cont. | 144 | | | | | x | x | |
| | 145 | | | | | x | x | |
| | 146 | | x | | | x | | x |
| | 147 | | | | x | x | | x |
| FD-302 form documenting interview of a third party | 148 | | | | x | x | | x |
| | 149 | | | | x | x | | x |
| | 150 | | | | x | x | | x |
| | 151 | | | | x | x | | x |
| | 152 | | | | x | x | | x |
| | 153 | | | | x | x | | x |
| | 154 | | | | x | x | | x |
| | 155 | | | | x | x | | x |
| | 156 | | | | x | x | | x |
| | 157 | | | | x | x | | x |
| | 158 | | | | x | x | | x |
| | 159 | | | | | x | | x |
| | 160 | | | | x | x | | x |
| FD-302 form documenting interview of a third party Cont. | 161 | | | | | x | | x |
| | 162 | | | | x | x | | x |
| | 163 | | | | x | x | | x |
| | 164 | | | | x | x | | x |
| | 165 | | | | | x | | x |
| | 166 | | | | x | x | | x |
| | 167 | | | | | x | | x |
| | 168 | | | | x | x | | x |
| | 169 | | | | x | x | | x |
| | 170 | | | | x | x | | x |
| | 171 | | | | x | x | | x |
| | 172 | | | x | x | x | | x |
| | 173 | | | | | x | | x |
| | 174 | | | | x | x | | x |
| FD-302 form documenting interview of a third party | 175 | | | | | x | | x |
| | 176 | | | | x | x | | x |
| | 177 | | | | x | x | | x |
| | 178 | | | | x | x | | x |
| | 179 | x | | | x | x | | x |
| | 180 | x | | | x | x | | x |
| | 181 | | | | x | x | | x |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 6/7C 5 | RIP | WIF by DOJ/ EOUSA (SDNY) |
|---|---|---|---|---|---|---|---|---|
| FD-302 form documenting interview of a third party | 182 | | | | | x | | x |
| | 183 | | x | x | | x | | x |
| | 184 | | | | x | x | | x |
| | 185 | | | | | x | | x |
| | 186 | | | | | | | x |
| | 187 | | | | x | x | | x |
| | 188 | | | | | x | | x |
| | 189 | | | | | x | | x |
| | 190 | | x | | x | x | | x |
| FD-302 form documenting interview of a third party | 191 | | | x | | x | | x |
| | 192 | | x | | | x | | x |
| | 193 | | | | | x | | x |
| | 194 | | | | x | x | | x |
| | 195 | | | | | x | | x |
| | 196 | | | | x | x | | x |
| | 197 | | x | x | | x | | x |
| | 198 | | | | | x | | x |
| | 199 | | | | | x | | x |
| Handwritten notes from a third party interview | 200 | | | | | x | | x |
| | 201 | | | | x | x | | x |
| | 202 | | | | x | x | | x |
| | 203 | | | | x | x | | x |
| | 204 | | | | | x | | x |
| | 205 | | | | x | x | | x |
| | 206 | | | | x | x | | x |
| **Documents from 19cv1278** | | | | | | | | |
| | 1924 | x | x | x | | | x | |
| | 1925 | | | | | | x | |
| | 1926 | | | | | | x | |
| FD-302 interview of Michael Cohen on 10/17/2018 pursuant to a proffer agreement | 1927 | x | | | x | x | x | |
| | 1928 | x | | | x | x | x | |
| | 1929 | x | | | x | x | x | |
| | 1930 | x | | | x | x | x | |
| | 1931 | x | | | | x | x | |
| | 1932 | x | | | x | x | x | |
| | 1933 | x | | | x | x | x | |
| | 1934 | x | | | | x | x | |
| | 1935 | x | | | x | x | x | |

7

19-cv-8215
Page Disposition Totals

## Page Disposition Totals

**Total: 218**
  RIP: 62
  WIF: 156

- WIF by DOJ/ EOUSA (SDNY):    156

B-8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

     Plaintiff,

         v.

U.S DEPARTMENT OF JUSTICE,

     Defendant.

Civil Action No. 1:19-cv-02267-EGS

# EXHIBIT 6

b7E -3

UNCLASSIFIED/~~/FOUO~~

Title:  (U) Request for

b7E -2,3

Re:                          08/16/2018


laws.  COHEN was involved in both these attempts to keep the women
silent.

    In the course of the investigation of COHEN for the campaign
finance violations and other violations such as bank fraud, searches
of COHEN's properties were conducted.  One of the items seized was an
iPhone owned by COHEN

b7E -2


b7E -2


b7E -2


Legal Authority Supporting Request:

Item seized pursuant to search warrant.  Attached is the applicable
search warrant.


◆◆


UNCLASSIFIED/~~/FOUO~~

FBI(19-cv-2267)-1227