IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON,

*Plaintiff,*

v.

U.S. DEPARTMENT OF JUSTICE,

*Defendant.*

Case No. 1:19-cv-02267-LLA

**NOTICE AND STATUS REPORT**

On December 19, 2023, the parties notified the Court that the parties had tentatively reached an agreement to narrow the documents in dispute in this case. ECF No. 42. The parties now respectfully submit this notice and status report to provide additional information to the Court concerning the parties' agreement and the parties' position regarding next steps in this case.

**Procedural history**. On July 7, 2023, Defendant filed a notice informing the Court that it had become aware of new information that may be relevant to some of the documents at issue in the fully briefed and pending cross-motions for summary judgment in this FOIA case. ECF No. 35, at 1. Defendant requested that the Court not rule on the pending motions for summary judgment until Defendant had the opportunity to gather more facts and to provide a supplemental filing regarding the new information and its effect (if any) on the pending motions. *Id.* The Court stayed the case, and the stay was periodically extended, including to allow the parties to negotiate whether an agreement could be reached to narrow the range of disputes in this case. *See* ECF Nos. 35-43; *see also* Jan. 17, 2024 Minute Order (extending stay).

**Factual background**. Some of the records at issue in this case are documents associated with interviews conducted by prosecutors and/or special agents of the FBI or the SDNY. *See gen-*

*erally* ECF No. 25-2 ("McKay Decl."), ¶¶ 10-28 (discussing the interview records). Those interview records consist of FBI Form FD-302 reports of interviews, interview memoranda prepared by SDNY Special Agents that are akin to FD-302s, handwritten notes, and documents that were used or discussed in some of the interviews that generated those reports or memoranda. Defendant argued in its summary judgment papers that those records were exempt, in whole or in part, pursuant to Exemption 5, because they constitute attorney work product, and Exemptions 6 and 7(C), to protect personal privacy. *See* ECF No. 25-1 ("Def. Mem."), at 6-26. In one of the declarations that Defendant submitted in support of its motion for summary judgment, filed on July 30, 2021, a member of the SDNY team responsible for the prosecution of Michael Cohen, *see* McKay Decl. ¶ 1, stated that "[t]o the best of my knowledge, none of the interview reports or handwritten notes . . . have been disclosed in connection with any judicial or administrative proceedings to any person outside of the government or have otherwise been publicly disclosed." *Id.* ¶ 18; *see also id.* ("With regard to the documents associated with particular witness interviews, the documents were shared with respective witnesses and their counsel during the interviews, but the witnesses and their counsel were not permitted to retain copies after the interviews.").

While this was the information known to the declarant to "the best of [his] knowledge," McKay Decl. ¶ 18, and while the declaration did not specify that the "government" meant the "federal government," counsel for Defendant later became aware that, prior to the submission of that declaration, the FBI shared some of the interview records with the New York County District Attorney's Office in connection with a matter related to a grand jury investigation that is now the subject of a pending New York state indictment. Then, in early 2023 (after the submission of the declaration), the SDNY provided additional materials to the District Attorney's Office, including some of the interview records at issue in this case.

Because these interview records had been provided to the District Attorney's Office as part of a New York investigation for which an enforcement action remains pending, Defendant informed Plaintiff that it intended to assert Exemption 7(A) over those records (as well as handwritten notes associated with the interview records). The documents identified by the below Bates

numbers are the records subject to Defendant's Exemption 7(A) assertion. These excluded documents are a subset of the documents listed in the "Interview Records" section of the *Vaughn* index compiled by the Executive Office of United States Attorneys. *See* ECF No. 25-4.

- 70-97
- 109
- 111-112
- 113-128
- 197-205
- 346-373
- 500-515
- 621-648
- 649-670
- 671-675
- 690
- 1237-1251
- 1271-1274
- 1278-1291
- 1-13 (19cv8215)
- 23-29 (19cv8215)
- 30-42 (19cv8215)
- 56-79 (19cv8215)
- 82-93 (19cv8215)
- 107-112 (19cv8215)
- 129-145 (19cv8215)
- 146-171 (19cv8215)
- 172-181 (19cv8215)
- 1924-1935 (19cv1278)
- N/A – 11 pages

**The parties' agreement**. The parties have conferred and have agreed that the identified records may now be excluded from the case because Plaintiff no longer challenges their withholding, which obviates the need for the Court to address those records. Specifically, the parties agree that the identified documents are no longer at issue in this case.

However, removing this set of documents does not eliminate the need for the Court to resolve any of the contested legal issues in the parties' cross-motions for summary judgment. That is, each of the legal issues briefed by the parties is relevant to at least some of the non-excluded

documents that remain in the case. Accordingly, all issues that are presented and argued in the parties' cross-motions for summary judgment remain at issue.

**Next steps**. The parties agree that the Court should lift the stay in this case and decide all issues presented in the parties' cross-motions for summary judgment, which are ripe for decision. The parties further agree that any order resulting from the Court's decision on the cross-motions for summary judgment will not implicate the documents identified in this filing, which are no longer at issue in this case.

DATED: February 22, 2024                                   Respectfully submitted,

                                                           BRIAN M. BOYNTON
                                                           Principal Deputy Assistant
                                                           Attorney General

                                                           MARCIA BERMAN
                                                           Assistant Branch Director

                                                           */s/ Joshua C. Abbuhl*
                                                           JOSHUA C. ABBUHL (D.C. Bar No. 1044782)
                                                           Trial Attorney
                                                           U.S. Department of Justice
                                                           Civil Division, Federal Programs Branch
                                                           1100 L Street, N.W.
                                                           Washington, D.C. 20005
                                                           Telephone: (202) 616-8366
                                                           Facsimile: (202) 616-8470
                                                           joshua.abbuhl@usdoj.gov
                                                           *Counsel for Defendant*